### ILLINOIS CENT. R. CO. v. BENNETT.

(Circuit Court of Appeals, Fifth Circuit. January 16, 1924.)

No. 4112.

1. Negligence ☞97—Contributory negligence not ground for direction of verdict under Mississippi law.

Under the law of Mississippi, in an action for injuries from a collision between an automobile and a train at a road crossing, a verdict may be directed for the railroad only when it was not negligent, and contributory negligence will not justify such a direction.

2. Railroads ☞350(2)—Whether crossing was a "highway" within statute requiring signal held for jury.

In an action for injuries from a collision between an automobile and a train at a road crossing, evidence that the road was not maintained by the county but had been used for 15 to 25 years, and the public could not be prevented from using it, held under Code Miss. 1906, § 4045 (Hemingway's Code Miss. § 6669), requiring a railroad company to give a signal before crossing a "highway," to authorize submitting to the jury the issue of the railroad's duty to give a warning; the test whether a road is a highway being whether it is one which every citizen has a right to use.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Highway.]

3. Dedication ☞20(1)—"Implied dedication" defined.

"Implied dedication" of a highway is that presumed from an acquiescence in the public use and without an express appropriation by the owner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Implied Dedication.]

4. Dedication ☞20(3)—Dedication presumed from 20 years' use.

A dedication of a highway may be presumed from 20 years' use of one's land by the public with his knowledge, or from any shorter period, if the use is accompanied by circumstances favoring the presumption.

5. Dedication ☞45—Dedication held question for jury.

The fact of dedication is a conclusion to be drawn by the jury, who, as against the owner, have simply to determine whether by permitting the public use he has intended a dedication.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action by C. C. Bennett against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

A. J. McLaurin, of Jackson, Miss. (May, Sanders & McLaurin, of Jackson, Miss., on the brief), for plaintiff in error.

George C. Paine and Thos. Fite Paine, both of Aberdeen, Miss. (Paine & Paine, and Thos. Fite Paine, all of Aberdeen, Miss., and James T. Crawley, of Kosciusko, Miss., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. [1, 2] The plaintiff in error (defendant in the District Court) was sued by the defendant in error (plaintiff in that court), for damages caused by injuries received by him in a collision between an automobile, in which he was riding as a guest, and defendant's passenger train at a road crossing. But one question is presented, and it is based upon the refusal of the District Court to direct a verdict in favor of the defendant. Such a direction would have been justified only in the event the defendant was guilty of no negligence, which caused the collision. The contributory negligence of the plaintiff, if it existed, would not have had that result in Mississippi. The only negligence relied upon by the plaintiff upon the part of the defendant was the alleged failure of the engineer of the passenger train to give cautionary signals as the train approached and passed the crossing. Whether or not such signals were given was a matter in dispute. Negligence could be predicated upon such an omission, only if there was a legal duty resting upon defendant to give signals at the crossing in question. Whether there was such a duty is the sole question to be considered.

The duty might arise either from a statute or at common law. The pertinent statute of Mississippi is section 4045 of the Mississippi Code of 1906 (Code 1917, § 6669). The part of it which imposes the duty reads as follows:

"And shall cause the bell to be rung or the whistle to be blown at the distance of at least three hundred yards from the place where the railroad crosses over any highway or street; and the bell shall be kept ringing, or the whistle shall be kept blowing, until the engine has stopped or crosses the highway or street."

[3-5] If the crossing was a highway or street within the meaning of section 4045, then the duty to give signals of warning was absolute. If the statute did not apply, a common-law duty might have been created by the situation at the crossing, the determination of which would have been for the jury, if there was any evidence to support the duty. If the crossing was a highway, it will be unnecessary to consider the common-law duty at crossings not highways. Bouvier (Rawles' Second Revision, vol. 1, p. 947) defines a highway to be "a passage, road, or street, which every citizen has a right to use," and says of it further, "the term highway is a generic name for all kinds of public ways," including among others named a cul-de-sac. A street is defined to be "a public thoroughfare or highway in a city or village." Highways are said by the author to be "created either by legislation, by dedication, or by necessity." Dedication may be express or im-

plied. Implied dedication is that presumed from an acquiescence in the public use, and without an express appropriation by the owner. A dedication may be presumed from 20 years' use of one's land by the public, with his knowledge, or from any shorter period, if the use be accompanied by circumstances which favor the presumption; the fact of dedication being a conclusion to be drawn, in each particular case, by the jury, who, as against the owner, have simply to determine whether by permitting the public use he has intended a dedication.

The terms used in the Mississippi statute are "highway and street." As the crossing in this case was not in a city or village, the applicable term is "highway." The test as to whether a road is a highway is whether it is one "which every citizen has a right to use." Highways are not necessarily confined to roads that are maintained by the county. Some of the Mississippi statutory requirements imposed upon railroads at highway crossings may be applicable only to such crossings as are maintained by counties; but, in the interest of safety, we think the provisions of section 4045 should be held to apply to all highway crossings over which the public have the right to travel. If a road has been dedicated by the acquiescence of the landowner in its use by the public, so that the public, as against the owner, have the right to insist on a continuance of the use, its character as a highway is fixed. Permissive use, no matter how long continued, is insufficient. The presumption obtains that use, with the knowledge and acquiescence of the owner, is adverse, in the absence of a showing of permission.

The district judge, in denying defendant's request for a directed verdict, submitted to the jury the issue as to whether there was a duty on the defendant to give warning signals at the crossing. If the road was a highway, within the contemplation of section 4045, this ruling was correct. The evidence tended to show that the road, which crossed the track at the point of the accident, had been used daily by all those who wanted to use it, for a period of from 15 to 25 years. The road led off from the Jeff Davis Highway and ran eastwardly for about 300 yards to and across defendant's right of way, on the east side of which it entered the farms of Kahn and Brown through a gate. At this point it ceased to be a highway, but continued as a private road on the farms of Kahn and Brown, for the purpose of serving 12 or 15 negro tenant houses on the two farms. The occupants of those tenant houses and those doing business with them used the road in passing between the houses and the town of Durant. There were also two houses on the road, between the Jeff Davis Highway and the defendant's right of way. The Standard Oil Company had a tank on the west side of the right of way, access to which was by way of the part of the road which was west of the defendant's right of way. From this long-continued travel over the road, acquiescence on the part of the landowners in its use as a highway will be presumed. It is not the case of a mere farm crossing, put in by the railroad company, and used permissibly and not under claim of right. After laying aside the acts of the railroad company in putting in the crossing and the cattle guard, there is still evidence tending to show that the

road was a highway across the track and to the eastern edge of the right of way. The evidence tends also to show that the custom was to give signals of warning for this crossing, and that a rule of the defendant required its train men to give them. The witness Stroud testified that the road was not maintained by the county as a public road, but this was not conclusive of its character as a highway. If the public had acquired the right to use it, as against the objection of the landowner, by long-continued use with acquiescence, it was a highway, although it was not maintained by the county. If, as contended, it was merely a private road, its use by those who were accustomed to use it would have been permissive and subject to discontinuance at the will of the landowner. We think there is evidence in the record, which, if true, would clearly indicate that the public could not have been stopped from using the road as a highway, at the time of the accident.

The judgment of the district court is affirmed.