[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: INTERVENING PLAINTIFF'S MOTION TO STRIKE (FILE #145)
The revised complaint alleges that on January 13, 1986, and for sometime prior thereto, defendant owned and controlled the premises located at 284 Gooddale Drive, Newington. It is alleged that on said date a ladder which plaintiff was climbing to reach the roof slipped from under him due to an "icy condition", causing him to fall and to sustain personal injuries. Plaintiff claims that a dangerous and defective condition, caused by "snow and ice", had existed for such a period of time that the defendant knew, or in the exercise of reasonable inspection, should have known of said condition.
It is alleged that defendant was negligent, in that: (a) snow CT Page 1027 and ice were allowed to accumulate in an area where persons such as plaintiff would be likely to encounter same; (b) defendant failed to remove said accumulation of snow and ice (c) defendant failed to spread any sand, salt, or other abrasive (d) defendant failed to employ any other preventative measures and, (e) defendant failed to post any warning signs or barriers of said dangerous condition.
The intervening complaint (File #126), filed by Best Builders, alleges that plaintiff was their employee on January 13, 1986, that said employment was within the scope of the Workers' Compensation Act, that plaintiff's injuries and losses arose in the course of his employment, and that Best Builders has paid, or will become obligated to pay, compensation benefits.
Defendant's answer to the intervening complaint (File #139) asserts, by way of the First Special Defense, that plaintiff's damages were proximately caused by "the negligence of the intervening plaintiff['s] employee and the intervening plaintiff, as employer." (Emphasis added.)[1] The intervening plaintiff has moved to strike the defense on the ground that an employer's negligence (whether direct and personal, or derived from principles of vicarious liability) does not constitute a defense to the employer's right of action against the third party under General Statutes Section 31-293.[2]
A motion to strike is the appropriate method to be utilized in testing the legal sufficiency of any special defense. Prac. Bk. Section 152(5). In considering a motion to strike, the court is limited to the allegations set forth in the particular pleading, which are to be construed most favorably to the pleader. Roe v. Godou, 209 Conn. 273, 278 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988).
Section 31-293 permits the employer to recover compensation paid to an injured employee in an action against a third party tortfeasor who has caused the employee's injuries; the employer's statutory right is derivative of the employee's cause of action, but is, nevertheless, a separate right of action against the third party. Stavola v. Palmer, 136 Conn. 670, 677-88 (1950). As indicated in Stavola, the employer's right depends on the right of the employee to recover, and the employer has no cause of action unless the employee has a cause of action; therefore, the employer cannot recover more than that which the employee himself is entitled to recover. Id. The employer's statutory right concerns an apportionment of any damages which the injured employee recovers from the third party; thus, the third party may assert only those defenses which pertain specifically to the employee. cf. Southland Corp. v. Self, 36 Conn. Sup. 317
(Sup.Ct. 1980). CT Page 1028
In Perruccio v. Nadeau, 30 Conn. Sup. 126 (1973), the court ruled that the vicarious contributory negligence of the employer was not a valid defense to the employer's statutory action for reimbursement. The Perruccio decision quoted at length from Professor Larson's treatise; the revised edition thereof states that "even if the employer's negligence was not based on vicarious liability, but was direct and personal, the employer's suit should not be barred [because] . . . the employer's claim against the third party is statutory . . . and consequently not subject to the equitable subrogation principle that the subrogee must not himself be at fault or guilty of contributing to the loss on which he sues." Larson, 2A Workmen's Compensation, Section 75.23 (1982).
Connecticut courts have disagreed regarding the applicability of the comparative negligence statute, Section 52-572b, to those situations involving allegations of an employer's direct and/or vicarious negligence. This court, in Adams, Jr. A/K/A v. Airfreight Services, Inc., CV 351391, Hartford Judicial District, 4/18/90, followed those decisions holding that the third party cannot assert employer negligence as a defense to the intervening plaintiff's (employer's) statutory action. The statute provides the employer with a compensation right or lien against any damages recovered, or recoverable, by the injured employee and, since Section 31-293 has no provision for a percentage diminution of the compensation lien based on any negligence of the employer, employer negligence is not properly assertable as a defense. See: e.g. Ford v. Up-Rite Elevator Co., CV 250905, Judicial District of New Haven (September 9, 1988); Eagle Leasing Co. v. United Illuminatory Co., CV 197948, Judicial District of New Haven (November 25, 1983); Coombes v. The Toro Company, Et Al., CV 221067, Judicial District of Hartford/New Britain at Hartford, (March 4, 1983).[3]
The defendant has asserted the defense of plaintiff's own negligence in the answer to the plaintiff/employee's revised complaint.[4] As stated, the intervening plaintiff/employer can recover no more than the plaintiff/employee recovers. The first special defense to the intervening plaintiff's action alleges negligence on the part of the intervening plaintiff['s] employee and the intervening plaintiff, as employer." It is this court's view that the employer's negligence, vicarious or direct, is not a valid defense to the employer's right to recover under General Statutes Section 31-293. Therefore, the intervening plaintiff's motion to strike the first special defense to the intervening complaint is granted.
MULCAHY, J. CT Page 1029
FOOTNOTES