[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THE SECOND SPECIAL DEFENSE BY THE INTERVENING PLAINTIFF
The individual plaintiff brings this action to recover for alleged injuries sustained by him as a result of a motor vehicle accident. He alleges that the accident was caused by the defendant operator while operating the defendant owner's car as a family vehicle with permission when it collided with the rear of the school bus which was being operated by the plaintiff.
The plaintiff's employer has intervened to recover worker's compensation paid or to be paid to plaintiff. The defendants, in their answer to the plaintiff's complaint, filed two special defenses, the second of which request a reduction as to any damages awarded by payments from collateral sources pursuant to G.S. 52-225a. The plaintiff replied to both special defenses. The intervening plaintiff now moves to strike the second special defense in that it is not a proper subject matter for a special defense.
G.S. 52-225a, like G.S. 52-216a, provides for the judge after a verdict to apply certain funds in reduction of such verdict. Under G.S. 52-216a, an agreement with a tortfeasor not to bring an action or a release of a tortfeasor shall not be read to a jury or introduced with evidence. Although G.S. 52-225a does not proscribe such collateral source amounts being made known to the jury as in G.S. 52-216a, the intent of the legislature appears to be similar, to make such evidence admissible only to the court after the verdict. The obvious intent was to avoid the jury's knowledge of the existence of the amounts which prove prejudicial to a party in the action. Peck v. Jacquemin, 196 Conn. 53, 68. Ordinarily, when both the employee and the employer are CT Page 1407 parties plaintiff, the jury should not be told the amount of the employer's obligation for worker's compensation. The jury returns a verdict for the amount of damages to which they find the employee is entitled and thereafter the court apportions that to the employer and the employee. Stavola v. Palmer, 136 Conn. 670,679; Michael v. New England Coal Coke Co., 132 Conn. 671, 681. However, where the employer alone is the plaintiff it is essential that the jury should be told what the amount of the worker's compensation is. Stavola v. Palmer, supra, 679. Since the intervening plaintiff's recovery is limited to an amount paid or to be paid, the jury's knowledge of it does not raise the same prejudice to the employer as it would as to an award to be given to the employee which would not be so limited. Likewise, whatever deductions would apply to the intervening plaintiff's award should not raise any prejudice in being known to the jury as it may to the plaintiff. The plaintiff, who may be prejudiced by the evidence which may be raised by the second special defense, having failed to move to strike it, there is no reason for the court to strike it as against the intervening party.
For the above reasons the motion to strike the second special defense is denied.
Corrigan, J.