[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6767 RE: INTERVENING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSES (NO. 128)
The plaintiff, Richard Morales, commenced the present action against defendant John Zeranski, to recover damages for personal injuries sustained in the course of his employment with Hudson Foundations, Inc. (Hudson). The plaintiff alleges that he was injured due to Zeranski's negligent operation of a truck. Hudson subsequently filed a motion to intervene which was granted by this court (Maiocco, J.) on March 1, 1993.
Zeranski filed two special defenses to Hudson's intervening complaint on April 15, 1993. The first special defense seeks collateral source reductions. In the second special defense, Zeranski alleges that Hudson's damages were proximately caused by the comparative negligence of Hudson's employee Morales.
On April 28, 1993, Hudson filed a motion to strike Zeranski's special defenses (#128). The first special defense was stricken by this court (Ballen, J.) at the July 6, 1993 short calendar. Hudson moves to strike Zeranski's second special defense on the ground that the alleged negligence of its employee may not be asserted as a special defense against an employer who seeks reimbursement of workers' compensation payments that it has paid, or will have to pay, to its employee.
A motion to strike tests the legal sufficiency of the allegations of any complaint, counterclaim or crossclaim, or any one or more counts thereof, to state a claim upon which relief may be granted. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike may also be used to test the legal sufficiency of an answer to a complaint, including any special defense contained therein.
An employer has the right to seek reimbursement from a third party tortfeasor for benefits paid to the employee as a result of injuries caused by the third party. Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485, 488, 528 A.2d 826 (1987).
However, CT Page 6768
 [t]he employer's right of recovery of workers' compensation payments from a third party who injured an employee is a derivative cause of action in that the employer has no cause of action unless the employee could recover against the third party, so that the employer cannot recover any more than the employee himself could recover.
Air Flo, Inc. v. Consolidated Engineer and Constructors, Inc.,5 Conn. L. Rptr. 461, 462 (1992, Fuller, J.), citing Stavola v. Palmer, 136 Conn. 670, 678, 73 A.2d 831 (1950). "The statute in effect subrogates the employer to the employee's right to recover from a third party to the extent provided in it; the employer can in no event recover more than the employee could if the two join in an action, the employer's sole right is to have apportioned to him so much of the damages found due [to] the employee. . . ." Mickel v. New England Coal Coke Co.,132 Conn. 671, 680, 47 A.2d 187 (1946). Because the employer's rights under the statute derive from, and are dependent upon, the employee's rights, negligence on the part of the employee affects the employer's right to recover against the third party. Stavola v. Palmer, supra, 678 Mickel v. New England Coal Coke Co., supra, 678. Thus, the employee's comparative negligence can be considered by the trier of fact. Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc., supra, 462.
Since Hudson cannot recover from Zeranski a greater amount of damages than Morales could recover, Zeranski's second special defense, which seeks to limit Hudson's recovery of damages based on Morales' comparative negligence, is legally sufficient. Hudson's motion to strike Zeranski's second special defense is denied.
BALLEN, JUDGE