[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
Any party may challenge the legal sufficiency of any special defense with a motion to strike. Practice Book § 152(5); see, e.g., [Gurliacci v. Mayer,] 218 Conn. 531, 546,590 A.2d 914 (1991). The allegations must be construed in the light most favorable to the nonmovant. [Novametrix Medical Systems, Inc. v.BOC Group, Inc.,] 224 Conn. 210, 215, 618 A.2d 25 (1992). If any of the allegations support a special defense, then the motion to strike must be denied. See [Bouchard v. People's Bank,]219 Conn. 465, 470, 594 A.2d 1 (1991); [Ferryman v. Groton,]212 Conn. 138, 142, 561 A.2d 432 (1989).
The intervening plaintiff argues that according to [Durniakv. August Winter and Sons, Inc.,] 222 Conn. 775, 780,610 A.2d 1277 (1992), the defendant improperly raises the negligence of the Town of Wolcott in its special defense as the Town of Wolcott is involved in this matter merely to receive reimbursement for workers' compensation benefits paid out to the plaintiff.
The defendant argues that "the defendant['s] . . . rights to have their contribution diminished by negligence of another party or parties is not proscribed by Durniak."
An intervening plaintiff may move to strike a special defense alleged in response to plaintiff's complaint. See, e.g., [Salvatore v. Giroux,] Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 396744 (February 21, 1992, Corrigan, J.). In [Durniak v. August Winter Sons,Inc.,] supra, 777, 783, the court held that a "third party tortfeasor may [not] raise the negligence of the employer as a special defense when the employer has intervened in the personal injury action as party plaintiff in order to secure the employer's statutory right to reimbursement of workers' compensation benefits." "Because an employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim CT Page 5009 that is derived in its entirety from § 31-293(a), the employer's claim does not fall within the compass of § 52-572h." (Citations omitted.) Id. Similarly, "`[i]t is generally held that the employee cannot be met with a defense that his own employer's negligence contributed to the injury.'" (Citation omitted.) Id., 782.
On the other hand, the employer's right to recover in this action derives from the employee's rights. [Dapice v. EasternElevator, Co., Inc.,] 7 Conn. L. Rptr. 605, 606 (November 20, 1992, Sylvester, J.), citing [Stavola v. Palmer,]136 Conn. 670, 678, 73 A.2d 831 (1950). Consequently, "`negligence on the part of the employee affects the employer's right to recover against the third party.'" (Citations omitted.) Id., see also [Moralesv. Zeranski,] 9 Conn. L. Rptr. 379 (July 16, 1993, Ballen, J.).
Accordingly, the intervening plaintiff's motion to strike the defendant's first special defense to the plaintiff's complaint is granted only insofar as it relates to the negligence of the intervening plaintiff.
/s/ Sylvester, J. SYLVESTER