[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed April 25, 1996
The plaintiff Patsy Hannon commenced suit against Meriden Square Partnership et al., to recover damages for personal injuries allegedly sustained on September 22, 1991, while she was a pedestrian at the defendants' Meriden Square Mall. Process was served on September 21, 1993, one day short of the two year anniversary of the incident. The complaint was signed September 10, 1993.
On said September 10, 1993, pursuant to General Statutes § 31-293, the plaintiff notified Friendly Ice Cream Corporation, Inc., her employer, that she had commenced the suit. On September 30, 1993, within the thirty days of the giving of said notice, the plaintiffs employer, Friendly's, moved to intervene in the action, as provided by General Statutes 31-293, which motion was granted by the court on October 13, 1993.
The defendants Meriden Square Partnership et al., filed a motion for summary judgment against the intervening employer Friendly's on the grounds that the employer's claim was not brought within the applicable two year statute of limitations, General Statutes 52-584. The plaintiff, by her pleading asserted December 28, 1995, files a special defense that the intervening plaintiff's action is barred by General Statutes 52-584. Both the plaintiff and the defendants now move for summary judgment against the intervening employer.
There is no dispute as to the fact that the intervening complaint was brought beyond the two year limitation provision of General Statutes 52-584. However, there is no dispute as to the fact that the intervening complaint was filed within the thirty day period set forth in General Statutes 31-293.
The issue therefore is whether, when the employee brings the action within the two year limitation period of General Statutes52-284 and the employer intervenes after the two year period, but within the thirty day period, is the employer's intervention barred by General Statutes 52-284. There is a split of authority between the Superior Court decisions, a significant number of CT Page 2895-QQ decisions rejecting the special defense, and a significant number of decisions upholding the special defense. The multitude of decisions are amply set forth in the briefs of the parties.
The recent case of Packtor v. Seppala AHO Construction Co.,33 Conn. App. 422, quite clearly determines that if neither the employee nor the employer files an action within the two year limitation period of General Statutes 52-284, where the cause of action is based upon a defendant's negligence, then the action of the employer is defeated regardless of the employer's compliance with the "with thirty-days-after-notice period."
In the present case the employee filed the action within the two-year period. No appeals court case is directly in point. SeeLakewood Metal Products, Inc. v. Capital Machine Switch Co.,154 Conn. 708, 710 (1967), wherein the Supreme Court, in footnote 2, mentioned a potential issue as to statute of limitations, but declined to further address that potential issue.
To address the sole issue presented by these motions requires an understanding of the nature of the employer's claim. A literal reading of the statute, Sec. 31-293 would appear to indicate that the employer's claim for recovery is independent of the amount of the employee's claim for common law damages.
 . . . and any employer having paid or having become obligated to pay compensation under the provisions of this chapter may bring an action against said other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee.
General Statutes 31-293 (a).
A practical understanding of the Workers Compensation Act, in its day to day application, reveals that in many instances the workers compensation payments can exceed the amount which would be awarded to the injured employee at common law. For example, payments for the death of an employee under General Statutes Sec.31-306 (b)(3) may continue to the death of a surviving spouse. In a young marriage this could exceed fifty years of payments, which may well exceed the total amount of common law damages. More commonly, the effect of comparative negligence may well reduce a common law award to an amount substantially lower than the amount of the employer's payments. Yet as a matter of law the employer's recovery cannot exceed the totality of the employee's common law CT Page 2895-RR damages.
The cause of action of the employer is not independent of and detached from the cause of action of the employee. The case ofStavola v. Palmer, 136 Conn. 670 (1950), very clearly articulates the fact that the claim of the employer is not separate and apart from the claim of the employee for common law damages. The claim of the employer, though independently brought, cannot exceed theaward of the employee's common law damages regardless of theamount of the employer's expenditures. Stavola v. Palmer, supra,
p. 678.
The employer's cause of action is derivative of that of the employee. "An employer has no cause of action unless the employee has a cause of action . . . If the employer had initiated the action, it would not be prosecuting its own action, but the action of the employee." Packtor v. Seppala AHO ConstructionCo., supra, p. 431. "It is a statutory and substantive right to reimbursement that is `in effect one of subrogation to the right of the injured employee to recover for the tort committed against him.'" Packtor, supra, p. 430; also see Stavola, supra, p. 677.
Rights of subrogation are based upon the assignment by one to another of the assignor's cause of action. At common law causes of action for personal injury could not be assigned in whole or in part because of the common law prohibition against maintenance and champerty. See Berlinski v. Ouellette, 164 Conn. 482, 485
(1973). But such assignments could take place by virtue of specific statutory enactment. Berlinski supra, p. 485. General Statutes 31-293 specifically provides for such assignment and the accompanying right of a subrogatee to sue in its own name. However, as in all subrogation claims the subrogatee can have no greater rights than the subrogator. When this is understood the reason for not permitting the employer to recover amounts greater than the total amount which is represented by the underlying employee's cause of action becomes clear, even though a literal reading of the statute ostensibly allows for an independent unlimited cause of action by the employer.
General Statutes 31-293 allows the employer, the subrogatee, to assert his right to reimbursement for benefits paid provided that he complies with certain procedures, namely compliance with the thirty day intervention procedures. In so doing the employer is not asserting a separate and distinct claim against the tortfeaser. Rather he is asserting his right to a share of the CT Page 2895-SS proceeds which it is anticipated will be paid by the tortfeasor resulting from the successful prosecution of the singular cause of action.
The right of the assignee to share in the proceeds of the action arises out of his status as a conditional assignee. Although the cause of action itself is governed by the statute of limitations pertaining to negligence, General Statutes 52-584, the partial and conditional assignment, the right to share as between the parties, employer and employee, is not an action in negligence. Within this context, the procedural directorate ofStavola v. Palmer, supra, becomes completely focused.
The singular nature of the cause of action is the specific personal injury to the employee.
 A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that fight by some delict on the part of the defendant.
Gurliacci v. Mayer, 218 Conn. 531, 547 (1991).
By way of further understanding, the common law does not recognize a negligent physical injury to an employee as an actionable invasion of the employer-employee relationship. If the statute, General Statutes 31-293, were to be interpreted as creating a separate and distinct, though derivative, cause of action, similar for instance to a spousal cause of action for loss of consortium, there would be no limitation upon the amount of the employer's recovery so as to confine the employer's recovery to the maximum damages of the employee. Hence, the statute does not allow unlimited recovery for the actual amount which the employer has paid or has become obligated to pay." It would be irrational to conclude that the employer-employee claims are separate and distinct causes of action for the purpose of the statute of limitations, while at the same time properly concluding that they are a single cause of action which confines the total recovery to the amount of the common law damages for the injury of the employee, as is articulated by the text ofStavola v. Palmer, supra.
It is within the context of a single cause of action that the Supreme Court had no difficulty in allowing the employer to join in an action in 1989 wherein the accident occurred in 1983 and the employee commenced suit in 1985, so long as the joinder took CT Page 2895-TT place within the thirty-day-after-notice provision of General Statutes 31-293. See Gurliacci v. Mayer, supra.
An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 cannot be barred from intervening by the passage of time which this statute prescribes, because until notice is given, the time does not begin to run.
Gurliacci v. Mayer, supra, p. 578.
This action was commenced within the two year limitation period of General Statutes 52-284. Intervention took place within the thirty-days-after notice provision of General Statutes31-293. The motions for summary judgment are denied.
SULLIVAN, L., J.