[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On February 20, 1996, the plaintiff, Ronald Duke, filed a two count complaint against American Manufacturer's Mutual Insurance Company (American). Duke alleges the following facts in count one.
On February 7, 1994, while Duke was traveling in his automobile, another automobile, operated by Michael Rabbett, failed to stop at a stop sign and collided with Duke. Duke sustained personal injuries and damages as a result of the collision. Duke alleges that these injuries were caused by the carelessness and negligence of Rabbett. The vehicle operated by Rabbett was stolen by him, and so it was not covered by any motor vehicle liability insurance policy at the time of the accident. Duke was insured by American. Duke further alleges that his injuries are the legal responsibility of American, pursuant to the contract between Duke and American and General Statutes § 38a-336. Duke alleges that American has breached its duty under the contract by failing to provide uninsured motorist benefits to Duke. In count two, Duke alleges that his wife, Lorraine, has suffered damages as a result of the accident
On March 5, 1996, the City of Hartford (Hartford) filed an intervening complaint against American. Hartford alleges that at the time of the accident, Duke was an employee of Hartford Hartford further alleges that Duke's employment was within the scope of the workers' compensation act and that Duke's injuries arose out of and in the course of his employment. Hartford alleges that it has paid workers' compensation benefits to Duke and that it may be required to pay further sums. Hartford claims that it is entitled to reimbursement for the amounts it has paid or will pay to Duke, and it seeks such reimbursement from any damages recovered by Duke from American.
On April 19, 1996, American filed a motion to strike the intervening complaint. The motion was accompanied by a memorandum of law. On April 30, 1996, Hartford filed an objection to the motion to strike, accompanied by a memorandum of law. On May 16, American filed a reply memorandum, and on June 24, it filed a supplemental reply memorandum, along with excerpts from two treatises and a copy of March v. Perkin Ins.Co., 465 N.W.2d 852 (Iowa Sup. 1991).
"The motion to strike . . . replaced the demurrer in our CT Page 5284-K practice. Its function, like that which the demurrer served is to test the legal sufficiency of a pleading." (Internal quotation marks omitted ) RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994) "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,215, 618 A.2d 25 (1992).
American moves to strike the intervening complaint on the ground that a workers' compensation carrier has no legal right to recover uninsured motorist benefits due an employee from an employee's automobile carrier. American claims that Hartford is seeking to recover workers' compensation "benefits" paid to Duke, not "damages" as General Statutes § 31-293 (a) allows. "Damages," American contends, are not the same as "benefits," which are "monies paid pursuant to this coverage. . . ."Smith v. Safeco Ins. Co. of America, 225 Conn. 566, 570,624 A.2d 892 (1993).
In response, Hartford argues that Duke is entitled to recover damages from the individual who caused his injuries. In the event that the tortfeasor is underinsured or uninsured, Duke is entitled to look to the uninsured motorist policy to supplement those damages Hartford maintains that while this recovery may be referred to as "benefits," it is made as a substitute for damages that Duke would ordinarily be entitled to recover from the tortfeasor. Hartford argues that General Statutes § 31-293, therefore, confers upon an employer the right to intervene and seek reimbursement for monies it has paid to the employee.
According to § 31-293 (a) "[w]hen any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the CT Page 5284-L payment or award shall not affect the claim or right of action of the injured employee against the third person. . . and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee." "One of the principal purposes of 31-293(a) is to reimburse an employer for the expenses it has incurred on account of a workers' compensation claim, when the employee has recovered damages in a third party action in which the employer has properly intervened. . . . The right of recovery of the employer is superior to the right of the employee to the proceeds of any third party claim. The two purposes served by this provision are (1) [i]t insures that the party responsible for an injury will not benefit by payments made to the injured employee by the employer[; and] (2) [i]t denies the injured employee double compensation for the same injury." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 576,590 A.2d 914 (1991).
American's argument that "benefits" paid by an uninsured carrier are not "damages" is without merit. This distinction is merely one of semantics. The language of § 31-293 (a) is clear; an employer who has paid workers' compensation benefits to an employee may seek reimbursement by intervening in an action by the employee against the third person. The statute does not make any mention of the term "damages" in this context. The word "damages" is used with reference to the injured worker's claim, not the employer's claim, as American suggests. The language of the statute is plain and unambiguous. "When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct. . . Warkentin v. Burns, 223 Conn. 14, 22,610 A.2d 1287 (1992)." (Internal quotation marks omitted.) Ferreirav. Aetna Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 115801 (February 3, 1995, Sullivan, J.).
Additionally, in Stavola v. Palmer, 136 Conn. 670,73 A.2d 831 (1950), the Connecticut Supreme Court addressed an employer's right to intervene in a similar action between an employee and an underinsured motorist carrier, pursuant to §31-293 (a). The Court stated that "the right of the employer depends upon the employee's right to the extent that [the CT Page 5284-M employer] has no cause of action unless the employee. . . has a cause of action, and [the employer] cannot recover any more than the employee. . . could recover. Subject to those limitations, the right which the employer is given by the statute is [the employer's]." Ferreira v. Aetna Ins. Co.,
supra, citing Stavola v. Palmer, supra, 136 Conn. 678. For the foregoing reasons, American's motion to strike the intervening complaint IS denied because § 31-293 (a) clearly, allows Hartford to bring this action for reimbursement of workers' compensation benefits paid to Duke.
American further maintains that uninsured motorist benefits are paid on behalf of the insured, not on behalf of the uninsured motorist. American argues that the term "third-person," used in § 31-293 (a) means "tortfeasor," and because it is not the tortfeasor, any monies paid by it are not subject to § 31-293. Hartford contends that the word "tortfeasor" is never mentioned in § 31-293 (a), and so American's argument is off base.
In the court's opinion Hartford is correct; the term "tortfeasor" does not appear in the relevant portions of § 31-293(a). Furthermore, the language of § 31-293 (a) is "plain and unambiguous" that a "third person" does not have to be a tortfeasor. "[T]here is no room for construction by the courts and the statute will be applied as its words direct."Ferreira v. Aetna Ins. Co., supra, citing, Warkentin v. Burns,
supra, 223 Conn. 22. The fact that American is not the tortfeasor in this case has nothing to do with whether Hartford may seek reimbursement for benefits paid to Duke. Accordingly, American's motion to strike the intervening complaint should is denied.
Hale, State Judge Referee