[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Plaintiff's Motion to Strike
The plaintiff, Dr. Donn A. Innaimo, operated a chiropractic office at 380 Main Street, Watertown, Connecticut and employed Darlene Pastizzo at his office. Pastizzo was allegedly injured when she slipped and fell on accumulated snow and ice on the plaintiff's property during the course of her employment, and the plaintiff paid Pastizzo worker's compensation benefits as a result of her injuries.
The plaintiff has initiated the current suit under §31-275 to recover the amount of worker's compensation he paid to Pastizzo.[1] He alleges that the defendant, Thomas Marino, was the party charged with clearing, maintaining, sanding and salting the snow and ice at the plaintiff's office and that it is as the result of Marino's negligence that he was obligate to pay workers' compensation benefits to Pastizzo. The defendant has now filed an apportionment complaint seeking to implead Pastizzo, and CT Page 6215 the plaintiff has moved to strike that complaint on three grounds: (1) that Public Act 95-111 permits apportionment only for those persons who may be liable to the plaintiff and that the employee Darlene Pastizzo could not possibly be liable to her employer, the plaintiff; (2) that Public Act 95-111 prohibits bringing in a party as an apportionment defendant where that party is "immune from liability"; and (3) that the apportionment complaint is untimely in that this claim was not made "within four months of the return date, i.e. by December 12, 1995."
"A motion to strike challenges the legal sufficiency of a pleading. . . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings . . . if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (citations omitted). Mingachos v.CBS, Inc., 196 Conn. 91, 108-109, 491 A.2d 368 (1985). Further, the court must construe the facts in the pleadings, which are the subject of the motion to strike, most favorably to the pleader.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
Public Act 95-111 states, in relevant part:
 (c) No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h
of the general statutes. If a defendant claims that the negligence of any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last known address and the fact that the plaintiff's claims against such person have been settled or released. Such notice shall also set forth the factual basis of the defendant's claim that the negligence of such person was a proximate cause of the plaintiff's injuries or damages. No such notice shall be required if such person with whom the plaintiff settled or whom the plaintiff released was previously a party to the action. . .
 (f) This section shall be the exclusive means by which a defendant may add a person who is or may be liable pursuant to section 52-572h of the general statutes for a proportionate share of CT Page 6216 the plaintiff's damages as a party to the action.
As to the first and second grounds for the motion to strike, the plaintiff essentially alleges that Public Act 95-111 precludes bringing in the employee as an apportionment defendant in an action by the employer against the third party tortfeasor. There has been no appellate guidance on this issue since the enactment of Public Act 95-111, but several superior court decisions prior to the Public Act are enlightening.
In Air Flo v. Consolidated Engineers Constructors, Superior Court, judicial district of Danbury, Docket No. 304911 (January 13, 1992, Fuller, J., 5 C.L.Rptr. 460), the plaintiff employer sought to recover worker's compensation benefits it paid to its employee, Lane, for injuries allegedly caused by the defendant. The defendant filed a special defense, alleging the injuries to the employee were caused by the employer's negligence in failing to protect the plaintiff's employee from injury at the work site. Judge Fuller denied the motion to strike the special defense on the basis that because the employer's recovery is derivative of the employee's, the employer can not recover more than the employee could have, had the employee sued.
 The employer's right of recovery of workers' compensation payments from a third party who injured an employee is a derivative cause of action in that the employer has no cause of action unless the employee could recover against the third party, so that the employer cannot recover any more than the employee himself could recover. Stavola v. Palmer, 136 Conn. 670, 678. "The statute in effect subrogates the employer to the employee's right to recover from a third party to the extent provided in it; the employer can in no event recover more than the employee could; if the two join in an action, the employer's sole right is to have apportioned to him so much of the damages found due the employee as he has a right to receive." Mickel v. New England Coal Coke Co., 132 Conn. 671, 680. The right of reimbursement which the employer has under the statute, although derived from the right of the employee, is a separate right vested in the employer by the statute. Stavola v. Palmer, supra, 678. Since the employer's rights under the statute derive from and are dependent upon the employee's rights, negligence on the part of the employee affects the employer's right to recover against the third party. Id., 678; Mickel v. New England Coal Coke Co., supra, 678; DeSantis v. Gaudioso,
CT Page 6217 39 Conn. Sup. 222, 224.
 While negligence of the plaintiff-employer here cannot be considered, the second special defense alleges negligence on the part of both the employer and the employee. The motion to strike is addressed to the entire special defense. Even though the employee is not a party to this action, his comparative negligence can be considered by the trier. A motion to strike must be denied when any allegations in the pleading are valid, and a request to revise was not filed to separate out claims of comparative negligence of the employer and the employee. See Rowe v. Godou, 209 Conn. 273, 279. Id., 461-62.
In Telusmar v. Union Carbide Corporation, Superior Court, judicial district of Danbury, Docket No. 306236 (June 1, 1993, Moraghan, J.) the court was faced with the same issue as in AirFlo, with the same result. The memorandum of decision stated:
 The employer's right of recovery of workers' compensation payments from a third party who injured an employee is a derivative cause of action in that the employer has no cause of action unless the employee could recover against the third party, so that the employer cannot recover any more than the employee himself can recover. Air Flo v. Consolidated Engineers Constr., supra, 249. Therefore, although the court cannot consider the negligence of an employer, the court can consider the comparative negligence of the employee.
Although these cases predate Public Act 95-111, they are instructive as to the limits of the employer's right to recovery in a Sec. 31-275 action and a defendant's means of asserting those limits. They suggest that a defendant in a claim by an employer for recovery from a third party of workers' compensation payments to an employee may assert the employee's comparative negligence as a special defense even if the employee is not a party to the action, and that no employer should be permitted to recover from the third party in an amount greater than the amount that the employee would have been permitted to recover had he or she sued the defendant directly. They do not, however, necessarily suggest that the third party has the right to bring in the employee as an apportionment defendant. See, also, Moralesv. Zeranski, No. CV 290228, 1993 Ct. Sup. 6766 (July 16, 1993, Ballen, J.).
The purpose of apportionment here would be to prevent the CT Page 6218 employer from recovering more than the employee could have recovered had the employee sued the third party directly. The defendant argues that the language in 95-111(c) could not have been intended to preclude such a result in a case such as this. As previously suggested, however, that result could be avoided by asserting as a special defense the claim that the employee herself was negligent and thereby caused her own injuries.
It is clear that Pastizzo is not a person "who is or may be liable pursuant to § 52-572h of the General Statutes for a proportionate share of the plaintiff's damages". There can be no liability to an employer by an employee based on the employee's receipt of worker's benefits. Pastizzo, therefore, is not subject to being made a party to this case for apportionment purposes, although her comparative negligence may be asserted by the defendant as a special defense, thereby achieving the same result.
Although this is dispositive of the motion to strike, the court will consider the two other grounds advanced by the plaintiff in support of its motion. As to the express immunity language of 95-111(c). which might appear to preclude the apportionment of the employee in this case, that language is more appropriately viewed as encompassing statutory immunity outside of the workers' compensation arena. As to the third ground for the motion to strike, the record reveals that the plaintiff's complaint was dated December 12, 1995 and filed on December 26, 1995 with a return date of January 16, 1996. According to Public Act 95-111, the defendant would have 120 days from the return date to serve an apportionment complaint, i.e. by May 15, 1996. The defendant in fact served its apportionment complaint on May 11, 1996. Therefore the defendant has timely served its apportionment complaint within the 120 days permitted by statute, and the third basis for the motion to strike is without merit.
Because the employee is not a person "who is or may be liable pursuant to section 52-572h of the General Statutes for a proportionate share of the plaintiff's damages", the defendant's apportionment complaint fails to state a claim upon which relief can be granted as a matter of law. The plaintiff's motion to strike the apportionment complaint is therefore granted
Silbert, J.