[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
The plaintiff Richard Boland is an employee of the Town of Trumbull and was injured in the course of his employment at a transfer station owned by the Town of Trumbull but operated by the Connecticut Resource Recovery Authority (CRRA). The plaintiff was injured when he came into contact with an ungrounded electrical transformer box located near a public pay telephone installed by Southern New England Telephone Company (SNET). This action was initially commenced against CRRA, SNET and a trash hauler who used the transfer station. After receiving notice of the employees action, the Town of Trumbull as employer filed an intervening complaint based on 31-293 of the General Statutes. SNET filed six special defenses. The Town of Trumbull has filed motions to strike all of them.
A motion to strike can be used to test the legal sufficiency of any special defense contained in an answer. Section 152(5) Connecticut Practice Book. A special defense is a matter which is consistent with statements in the complaint but which shows, despite those allegations, that the plaintiff has no cause of action. Section 164, Connecticut Practice Book; Pawlinski v. Allstate Insurance Co., 165 Conn. 1, 4. If the facts provable under the allegations of the special defense state a valid defense to the complaint the motion to strike must be denied, but a motion to strike does not admit legal conclusions. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 109.
The first special defenses of both SNET and CRRA state that the employee, Boland, was contributorily negligent, that his negligence was the proximate cause of his injuries, and as a result the defendant is not required to reimburse the intervening plaintiff-employer for worker's compensation payments. The employer's right to recover worker's compensation payments from a third party who injured an employee is a derivative cause of action for the employer based on 31-293 of the General Statutes. The employer's rights under the statute are derivative from and are dependent upon the employee's rights, so that negligence on the part of the employee effects the employer's right to recover against the third party. Stavola v. Palmer, 136 Conn. 670, 678; Mickel v. New England Coal Coke Co., 132 Conn. 671, 678. The employer cannot recover any more than the employee himself can recover. Stavola v. Palmer, supra, 678. "The statute in effect subrogates the employer to the employee's right to recover from a third party to the extent provided in it; the employer can in no event recover more than the employee could; if the two join in an action, the employer's sole right is to have apportioned to him so much of the damages found due the employee as he has a right to receive." Mickel v. New England Coal Coke Co., supra, 680. Since the employer's right of recovery of worker's compensation payments from the third party is limited by the amount the employee can recover from the third party, the comparative negligence of the employee can limit the employer's right to reimbursement of worker's compensation payments. Air Flo, Inc. v. Consolidated Engineers and Constructors, Inc., 5 Conn. L. Rptr. 460, 7 Conn. Super. Ct. Rpts. 248 (1992) (Fuller, J.); Morales v. Zeranski,9 Conn. L. Rptr. 379 (1993) (Ballen, J.); Telusmar v. Union Carbide Corp., 9 Conn. L. Rptr. 188 (1993) (Moraghan, J.).
The second special defenses of SNET and CRRA claim that the CT Page 10217 amount which the employer can recover must be reduced proportionally by the contributory negligence of the employee based on 52-572h of the General Statutes. While the contributory negligence of the employee may effect the employer's recovery, as alleged in the first special defenses, the defendants donor get an additional reduction based on 52-572h. The employer's cause of action for reimbursement of worker's compensation benefits is created and limited by 31-293 of the General Statutes. The statute provides that comparative negligence principles apply only in causes of action based on negligence. Lukas v. New Haven,184 Conn. 205, 212 (holding that it did not apply to a statutory cause of action based upon 13-149 C.G.S.). Section 52-572h does not apply to an employer's claim under 31-293. Air Flo, Inc. v. Consolidated Engineers and Constructors Inc., supra. While the statute applies to the negligence claim of the employee in his complaint, it does not directly apply to the employer's statutory claim to recover worker's compensation benefits. If there is sufficient contributory negligence on the part of the employee it may prevent a recovery by the employer or reduce the amount of recovery because the employer cannot recover more than the employee himself could recover. See Stavola v. Palmer, supra, 678; Dwight Building Co. v. Stamford House Wrecking Co, 193 Conn. 297, 301,302. Nevertheless, because the employer's right to obtain reimbursement from a third party tortfeasor is a statutory claim that is derived in its entirety from 31-293(a), the employer's claim is not effected by 52-572h. Durniak v. August Winter 
Sons, Inc., 222 Conn. 775, 782.
The third special defense of SNET and the fourth special defense of CRRA is that the employer was negligent in maintaining the transfer station, that such negligence was the proximate cause of injury to its employee, which the defendants claim limits or bars the employer's right of recovery against them. In Durniak v. August Winter Sons, Inc., supra, 780, it was held that a third party tortfeasor cannot raise the negligence of the injured party's employer as a special defense where the employer has intervened as a party plaintiff in a personal injury action to secure the employer's statutory right to reimbursement of worker's compensation benefits under 31-293(a). See also Larson, 2A Workmen's Compensation, 75-23 (1982); Air Flo Inc. v. Consolidated Engineers and Constructors, Inc., supra, and cases cited therein; Gallogly v. E. F. Construction Co., 1 Conn. L. Rptr. 385 (1990) (Dunn, J. ); Romanow v. Burgeois Shaw, Inc., 6 Conn. Super Ct. Rpts. 661, 4 Conn. L. Rptr. 262 (1991) (Koletsky, J.) (reimbursement action would defeat the no fault purpose of worker's CT Page 10218 compensation by requiring the litigation to determine negligence on the part of the employer).
The fourth special defense of SNET is that the negligence or other persons and entities was the proximate cause of the injury sustained by the plaintiff. However, negligence on the part or other defendants in this case does not effect the right on reimbursement of the employer based on 31-293(a) of the General Statutes, and is not a proper special defense in an action based on that statute.
The fifth special defense of SNET and the third special defense of CRRA is that the employee failed to mitigate his damages by not obtaining recommended medical and psychological treatment The defendants cite no legal authority for their claim that the employee's failure to mitigate damages reduces the employer's right to recover under the statute. They claim that since the employer can recover no more than the employee, the employee's failure to mitigate damages has the effect of diminishing any reward to the employer. Stavola v. Palmer, supra, 678. While this is true, it is not a special defense to the employer's claim for reimbursement of worker's compensation payments.
The sixth special defense of SNET is that the employer's recovery should be reduced by collateral source payments. The majority of the Superior Court decisions, in which this court concurs, have held that 52-225a of the General Statutes indirectly precludes evidence at the trial on collateral source payments to reduce damages, and accordingly is not a valid special defense. See Air Flo Inc. v. Consolidated Engineers Constructors, Inc., supra, and cases cited therein. In addition, collateral source payments cannot be considered a setoff. Id.
The motion to strike the special defenses of SNET is granted as to the second, third, fourth, fifth and sixth special defenses but denied as to the first special defense. The motion to strike the special defenses of CRRA is granted as to the second, third and fourth special defenses but denied as to the first special defense.
ROBERT A. FULLER, JUDGE