SAMUEL PACKTOR *v.* SEPPALA AND AHO
CONSTRUCTION COMPANY, INC., ET AL.
(12089)
(12090)

O'CONNELL, FOTI and LANDAU, Js.

Argued October 26, 1993—decision released January 18, 1994

*David A. Leff,* for the appellant (named plaintiff).

*Joel M. Fain,* with whom, on the brief, was *Andrew H. Sharp* for the appellant (intervening plaintiff).

*Lawrence A. Ouellette, Jr.,* with whom, on the brief, was *Rene G. Martineau,* for the appellee (defendant J.M.H. Associates).

FOTI, J. The plaintiff, Samuel Packtor, and the intervening plaintiff, Stop & Shop Companies, each appeals from the judgment rendered following the trial court's granting of two separate motions for summary judgment[1]

---

[1] Packtor has appealed from the summary judgment rendered against him and Stop & Shop Companies. Stop & Shop has appealed only from the summary judgment rendered against it.

filed by the defendant J.M.H. Associates.[2] We affirm the judgment of the trial court.

Packtor was injured in a fall on September 13, 1987, while climbing the second floor stairway, described as a "ship's ladder," in the Stop & Shop store at 255 East Main Street, Clinton, where he was employed. J.M.H. Associates owned the building and leased it to Stop & Shop. In an action returnable August 21, 1990, Packtor brought suit for damages against the owner of the building and the contractor who had constructed the stairway. Stop & Shop filed a motion to intervene pursuant to General Statutes § 31-293 (a)[3] for reimburse-

---

[2] The defendants in the substituted complaint filed January 7, 1991, are Seppala & AHO Construction Company, Inc., the general contractor that constructed the premises, and J.M.H. Associates. Judgment was rendered, pursuant to a stipulation filed August 13, 1992, against the defendant Seppala & AHO Construction Co. in the amount of $238,120.24, reduced by compensation benefits paid to the plaintiff in the amount of $214,120.24. The sole defendant on appeal is J.M.H. Associates.

[3] General Statutes § 31-293 provides in pertinent part: "(a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action. The bringing of any action against an employer shall not constitute notice to the employer within the mean-

ment of workers' compensation payments made to its employee, Packtor, for injuries arising out of and in the course of his employment. It is uncontested that the intervention occurred within thirty days of notice as required by § 31-293. The motion was granted and Stop & Shop filed an intervening complaint on October 9, 1990.

On December 2, 1991, J.M.H. Associates filed a motion for summary judgment as to the third and fourth counts of Packtor's complaint. J.M.H. Associates challenged Packtor's third count, which sounded in common law negligence, as time-barred by the two year limitation period of General Statutes § 52-584. Packtor's fourth count alleging a statutory cause of action pursuant to General Statutes §§ 29-389[4] and

ing of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. The rendition of a judgment in favor of the employee or the employer against the third party shall not terminate the employer's obligation to make further compensation which the commissioner thereafter deems payable to the injured employee. If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with the third person by either the employer or the employee shall be binding upon or affect the rights of the other, unless assented to by him. . . ."

This section was recently amended by Public Acts 1993, No. 93-228, § 7, but the amendment does not affect the issue on appeal.

[4] General Statutes § 29-389 provides in pertinent part: "STAIRWAYS AND FIRE ESCAPES ON CERTAIN BUILDINGS. Each story of a building used in whole or in part as a . . . store in which more than six persons are employed or of a building used in any way not named above except a workshop or manufactory but which has a similar need of such protection, shall be provided with not less than two remote means of egress. Each story above the first story of each such building shall be provided with not less than two remote means of egress by stairways on the inside or fire escapes on the outside of such building. Such stairways and fire escapes and pas-

29-391[5] was challenged because the injury alleged was not the type of injury that the statutes were intended to prevent. In a memorandum of decision filed April 23, 1992, the trial court, *Pellegrino, J.,* granted the summary judgment on both counts. Packtor now appeals challenging that decision.[6]

sageways providing access thereto shall be constructed, designed, maintained and located in accordance with regulations issued under the provisions of section 29-292, which regulations shall provide for free and unobstructed egress from all parts of such building when the building is occupied and shall avoid undue danger to the lives and safety of its occupants from fire, smoke, fumes or resulting panic during the period of time reasonably necessary for escape from such building in case of fire or other emergency. No locks or other fastenings to prevent free escape from the inside of such building shall be installed except in mental, correctional or corrective institutions where supervisory personnel is continually on duty and effective provisions are made to remove occupants in case of fire or other emergency. A ladder affixed to any of the premises herein described shall not be considered a fire escape within the meaning of this section. This section shall not apply to any building used for residence or business which conforms to the stairway, fire escape and egress requirements of the state building code and state fire safety code."

General Statutes § 29-292, referred to above, is entitled "FIRE SAFETY CODE. SMOKE DETECTION AND WARNING EQUIPMENT. CERTIFICATE OF OCCUPANCY. REVIEW OF PLANS AND SPECIFICATIONS; FEES."

[5] General Statutes § 29-391 provides: "In any case in which any person suffers injury or in which the death of any person ensues in consequence of the failure of the owner of any building to provide the same with fire escapes or stairways as required by the provisions of sections 29-389 and 29-390 or in consequence of the failure of such owner to comply with any order of the labor commissioner, made in conformity to the provisions thereof, such owner shall be liable to any person so injured for damages for such injury; and, in case of death, such owner shall be liable in damages for the injury caused by the death of such person. It shall be no defense to any action for the recovery of such damages that the person injured or whose death ensued as aforesaid had knowledge that such building was not provided with fire escapes or stairways as required by said sections or that such person continued to work in or to occupy such building with such knowledge. The owner of any building or, if such owner is non compos mentis or a minor, the guardian of such owner or, if such owner is a nonresident, the agent of such owner having charge of such property who fails to comply with the provisions of sections 29-389 and 29-390 shall be fined not less than one hundred dollars nor more than five hundred dollars or imprisoned not more than three months or be both fined and imprisoned."

[6] Packtor does not appeal the trial court's ruling regarding the statute of limitations.

On May 29, 1992, J.M.H. Associates filed a separate motion for summary judgment as to Stop & Shop. The motion was granted by the trial court, *Maiocco, J.,* in a memorandum filed on January 5, 1993. The trial court ruled that because Packtor's claim was barred by the statute of limitations, Stop & Shop's derivative right to reimbursement was likewise time-barred. Stop & Shop appeals challenging that decision. We will deal with the claims of the plaintiff and the intervening plaintiff separately.

I

Packtor claims only that the trial court improperly rendered summary judgment after concluding that General Statutes §§ 29-389 and 29-391 did not apply to the facts and circumstances of this case. We do not agree.

The fourth count of Packtor's complaint alleged that, as a result of the failure of the defendants to provide a suitable interior stairway as mandated by § 29-389, Packtor was injured and entitled to damages pursuant to § 29-391. The undisputed facts are that access to the second floor of the building was possible only by the stairway in question, that Packtor was ascending that stairway in the normal course of his duties when injured, and that there was no fire or other emergency at the time. We agree with the trial court that the meaning of § 29-389 is plain and unambiguous. Both §§ 29-389 and 29-391 are primarily concerned with emergency stairways and unobstructed escape routes from buildings, and injuries resulting from egress or "escape from such a building in case of *fire or other emergency.*"[7] (Emphasis added.) Gen-

---

[7] We note that both plaintiffs cite the introductory language of General Statutes § 29-391—"In any case in which any person suffers injury . . ." —for the proposition that this section is not limited to emergencies. In con-

eral Statutes § 29-389. We note further that these statutes are found in Chapter 541 entitled "Building, Fire and Demolition Codes. Fire Marshals and Fire Hazards. Safety of Public and Other Structures."

"Statutes are to be applied as their words direct. *Connecticut Hospital Assn.* v. *Commission on Hospitals & Health Care,* 200 Conn. 133, 141, 509 A.2d 1050 (1986)." *River Dock & Pile, Inc.* v. *O & G Industries, Inc.,* 219 Conn. 787, 805, 595 A.2d 839 (1991). " 'When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction. . . .' " *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* 216 Conn. 40, 63, 578 A.2d 1054 (1990). "The objective of statutory construction is to give effect to the intended purpose of the legislature. . . . It is axiomatic that, where the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary." (Citations omitted; internal quotation marks omitted.) *Rose* v. *Freedom of Information Commission,* 221 Conn. 217, 225, 602 A.2d 1019 (1992), quoting *Elections Review Committee of the Eighth Utilities District* v. *Freedom of Information Commission,* 219 Conn. 685, 692, 595 A.2d 313 (1991).

We conclude that in accordance with the plain language of § 29-389 the trial court properly rendered summary judgment for the defendant as no factual predicate existed to sustain a statutory cause of action under this section.

---

text, the statute provides: "In any case in which any person suffers injury or in which the death of any person ensues *in consequence* of the *failure* of the owner of any building *to provide the same with fire escapes or stairways* as required by the provisions of sections 29-389 and 29-390 or in consequence of the failure of such owner to comply with any order of the labor commissioner, made *in conformity to the provisions thereof . . . .*" (Emphasis added.)

## II

## A

Stop & Shop first alleges that the trial court[8] improperly applied to its claims the two year limitation of General Statutes § 52-584[9] rather than the three year general tort statute of limitations, General Statutes § 52-577.[10] Stop & Shop claims that it has an employer's statutory cause of action, which survives the trial court's ruling barring the employee's remedy for a procedural deficiency. Further, it argues that its statutory cause of action is governed by the limitation in § 52-577, which applies to actions founded on a tort.[11] Stop &

[8] J.M.H. Associates raises the issue of whether Stop & Shop has standing to seek review of Judge Pellegrino's decision regarding the summary judgment motion against Packtor. Stop & Shop's brief refers to Judge Pellegrino's April 23, 1993 memorandum of decision. This seems to have been done in error since it was Judge Maiocco's January 5, 1993 decision that directly decided the summary judgment against Stop & Shop and it is from that decision that they appeal. We conclude, however, that because Stop & Shop's legal argument addresses its own and not the plaintiff Packtor's claims, there is no issue of standing. Because Judge Maiocco's memorandum of decision explicitly referred to Judge Pellegrino's decision, we have considered both memoranda of decisions for purposes of this appeal.

[9] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[10] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[11] The three year statute of limitations in General Statutes § 52-577 applies to all actions founded on tort that are not within those causes of action carved out of § 52-577 and enumerated in General Statutes § 52-584 or other specific sections. *United Aircraft Corp.* v. *International Assn. of Machinists,* 161 Conn. 79, 107, 285 A.2d 330 (1971), cert. denied, 404 U.S. 1016, 92 S. Ct. 675, 30 L. Ed. 2d 663 (1972).

Shop argues that since Packtor was injured on September 13, 1987, and the intervening complaint is dated August 22, 1990, such intervention was within the three year limitation and, therefore, is not time-barred. We are not persuaded.

General Statutes § 31-293 specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's action against a third party tortfeasor. *Winslow* v. *Lewis-Shepard, Inc.,* 216 Conn. 533, 536, 582 A.2d 1174 (1990). It is an independent derivative action. *Ricard* v. *Stanadyne, Inc.,* 181 Conn. 321, 323, 435 A.2d 352 (1980). It is a statutory and substantive right to reimbursement that is "in effect one of subrogation to the right of the injured employee to recover for the tort committed against him." *Stavola* v. *Palmer,* 136 Conn. 670, 677, 73 A.2d 831 (1950).[12] An employer who has paid, or by award has become obligated to pay, compensation may also sue the third party in his own name directly for reimbursement. If either the employer or the employee sues the third party, the other is entitled to notice and an opportunity to join in the action. *Enquist* v. *General Datacom,* 218 Conn. 19, 23, 587 A.2d 1029 (1991). An employer's "sole means to assert any right against the plaintiff's third party recovery [is] by way of the procedure set forth in § 31-293." *Skitromo* v. *Meriden Yellow Cab Co.,* 204 Conn. 485, 489, 528 A.2d 826 (1987).

We agree with Stop & Shop that "it would be inequitable to bar an intervention action by an employer *for no other reason* than that the *employee* failed to file his or her action within the applicable period of limita-

---

[12] *Stavola* v. *Palmer,* 136 Conn. 670, 73 A.2d 831 (1950), was decided under General Statutes (1949 Rev.) § 7425, a predecessor of General Statutes § 31-293. Revisions have been made to the statute, but the statute overall has remained substantially similar. See the discussion in *Enquist* v. *General Datacom,* 218 Conn. 19, 587 A.2d 1029 (1991).

tion." (Emphasis added.) We do not bar the employer on that ground.[13] The issue we must determine is whether the employer's action is itself timely filed. In order to decide that question, we must first determine which statute of limitations governs the rights of an employer seeking to recover workers' compensation benefits from a third party tortfeasor. Since an intervening employer's statutory right to reimbursement depends on the liability of the third party to the employee, the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor. See 101 C.J.S., Workmen's Compensation § 1014 (b) (1958); 82 Am. Jur. 2d, Workers' Compensation § 460 (1992); annot., 41 A.L.R.2d 1044, § 2.

An employer has no cause of action unless the employee has a cause of action. *Stavola* v. *Palmer,* supra, 678. It may be argued that the employee in this case did have a valid cause of action, but that it was barred merely by a procedural failure on the employee's part. The action is not barred, however, by the employee's procedural failure but by the failure of the employer to bring suit in a timely manner. If the employer had initiated the action, it would not be prosecuting its own action, but the action of the employee. Therefore, it would be illogical to grant greater rights to an employer whose rights are derivative, than to the employee from whom those derivative rights flow.[14]

---

[13] We note that Stop & Shop could have exercised its right to commence a direct action against the third party tortfeasor under General Statutes § 31-293 within the applicable limitation period regardless of the employee's inaction.

[14] See, e.g., *Hanover Ins. Co.* v. *Fireman's Fund Ins. Co.,* 217 Conn. 340, 586 A.2d 567 (1991) (holding that insurer's claim seeking reimbursement of moneys paid to its insured was time-barred by one year suit provision and noting that subrogee had no greater rights than the subrogor and was equally subject to any defenses that might be asserted against subrogor).

In this case, the employee's cause of action is limited by the personal injury statute of limitations found in General Statutes § 52-584. Packtor's injury occurred on September 13, 1987. Stop & Shop did not initiate any action until it filed a motion to intervene on August 27, 1990, well beyond the two year statute of limitations. Stop & Shop's derivative right to reimbursement was, therefore, time-barred pursuant to § 52-584.

B

Stop & Shop also argues that General Statutes §§ 29-389 and 29-391 are applicable to the injury sustained by Packtor, that the defendants failed to provide two suitable remote means of egress, that the statutes are not limited to injuries sustained in fires or other emergencies, and that they do not require a person to be exiting a building when injured.

For the reasons stated in part I of this decision, we do not agree.

The judgment is affirmed.

In this opinion the other judges concurred.