[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's motion for summary judgment. The claim is that the plaintiff's employer, Dime More, Inc.'s ("Dime") claims for reimbursement, pursuant to Connecticut General Statutes, Sec. 31-293, is barred by the operation of Connecticut General Statutes, Sec. 52-284.
On October 10, 1990, the plaintiff, Maria DeColon, filed a complaint seeking damages for injuries allegedly sustained while under the care of Danbury Hospital ("defendant").
Plaintiff alleges, inter alia, that on October 24, 1989, while recuperating from surgery, an automatic hospital bed malfunctioned causing the injuries alleged.
On June 1, 1993, plaintiff's employer, Dime, filed a motion to intervene in order to recover the workers' compensation benefits paid to the plaintiff pursuant to General Statutes, Sec.31-293. Dime, formerly a stock corporation, was dissolved pursuant to General Statutes, Sec. 33-387 on October, 25, 1991. In April, 1993, plaintiff's counsel, soon after discovering that workers' compensation benefits were paid to the plaintiff, communicated the events which prompted the plaintiff to file the instant suit to the workers' compensation insurer by letter dated April 5, 1993. The court (Moraghan, J.) found that the letter of April 5 did not comport with the notice requirement as contained in General Statutes, Sec. 31-293 and, accordingly, granted Dime's motion. Since the notice to Dime was found to be insufficient as a matter of law, Dime's subsequent filing of its motion to intervene on June 1, 1993 (as opposed to May 5, 1993, which would ordinarily comport with the statutory thirty-day limitation to file as contained in section 31-293) as party plaintiff was appropriate.
On February 18, 1994, this motion was filed.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987). CT Page 6310
"A material fact is simply a fact which will make a difference in the result of the case." Genco v. ConnecticutLight Power Co., 7 Conn. App. 164, 167 (1986).
Burden of proof is upon moving party. State v. Goggin,208 Conn. 606, 616 (1988).
The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact.'" Fogarty v.Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984), quotingDougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. Teal Industries, Inc., 178 Conn. 262,269, 422 A.2d 311 (1979).
"General Statutes, Sec. 31-293 specifically grants an employer who has paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's action against a third-party tortfeasor." Grimaldi v. Bayard,11 Conn. L. Rptr. 338 (May 23, 1994, Karazin, J.).
Connecticut General Statutes, Sec. 52-584 provides that:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
The defendant argues that although the posture of Dime's claim is derivative in nature, Dime is barred from pursuing its action because of the operation of section 52-584, supra. The defendant cites the recent case Packtor v. Seppala AHOConstruction Co., 33 Conn. App. 422, 636 A.2d 383 (1994) in support of its position.
Conversely, Dime postulates that the facts of Packtor are CT Page 6311 distinguishable from the facts of the present case in two respects: (1) Packtor did not address a claim of an employer intervening into a timely filed cause of action brought by the original plaintiff, and (2) Packtor did not involve a lack of adequate notice to an employer pursuant to the obligations set forth in General Statutes, Sec. 31-293. Therefore, Dime urges that Packtor is inapplicable to the present action.
In Packtor v. Seppala AHO Construction Co., supra, the intervening employer's right to reimbursement, being derivative of its plaintiff employee's cause of action, was governed by the same statute of limitations as that of the plaintiff employee (section 52-584); since the plaintiff employee's suit was barred by its failure to file suit in a timely manner, the intervening employer's right to reimbursement was similarly barred.
In Grimaldi v. Bayard, supra, an employer, over the plaintiff employee's objection, attempted to intervene pursuant to section31-293 in an action by the employee against a third party to recover workers' compensation benefits paid to the employee even though the statute of limitations for the employer's claim against the third party has expired. The employee in Grimaldi
citing Packtor as its authority, argued that the employer's action was barred by the operation of section 52-584. In addressing the applicability of Packtor, the court in Grimaldi
stated:
 Packtor . . . does not support the plaintiff's position. In that case, the trial court had found that because the plaintiff employee's claim was barred by the statute of limitations, the employer's right to reimbursement was likewise time-barred. Id., 425. The Appellate Court agreed, noting that `it would be illogical to grant greater rights to an employer whose rights are derivative, than to the employee from whom those derivative rights flow.' Id., 431. The court also noted that `[an] employer has no cause of action unless the employee has a cause of action.' Id.
 The present case is distinguishable from Packtor . . .in that this plaintiff employee does have a cause of action.
See also City of Hartford v. Corporate Janitorial, Inc., 11 Conn. L. Rptr. No. 2, 52 (March 21, 1994, Allen, S.T.R.). (Defendant's motion for summary judgment based on the operation of section 52-584 denied where an employee intervenes pursuant to CT Page 6312 section 31-293 in an action by an employer against a third party to recover workers' compensation benefits paid to the employee even though the statute of limitations for the employee's claim against the third party has expired.)
"An employer has no cause of action unless the employee has a cause of action." Packtor v. Seppala AHO Construction Co., supra, 431. In the present action, the plaintiff filed a timely action against the defendant. Therefore, since the plaintiff's claim is not time-barred by the operation of section 52-284, Dime's right to reimbursement pursuant to section 31-293 is also not time barred.
Defendant's motion for summary judgment is denied.
Mihalakos, J.