[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7524
This action and its companion, Casalini v. Four D's, Inc., CV890103348, arises out of an accident which occurred on a construction site in New Canaan on April 25, 1987. Adelio Casalini and Anthony Ottoshavett filed separate actions to recover for personal injuries allegedly sustained when the scaffolding they were using to apply siding to a house collapsed, causing them to fall to the ground. Both actions are directed to the following defendants: Four D's, Inc. ["FDI"], the general contractor; Imperial Construction ["Imperial"], the subcontractor who hired Casalini and Ottoshavett; and First Street Associates ["First Street"], a partnership which owned the New Canaan property. TheCasalini action was the subject of an April 15, 1994 memorandum of decision by the undersigned, where in this court granted a motion for summary judgment by defendant Imperial on the grounds that the principal employer defense barred plaintiff's claims against Imperial at the time of the accident.[1] Imperial's motion (#157) for summary judgment as to Ottoshavett's action was granted for the same reason on April 20, 1994.
The present motion (#160) for articulation was filed on April 27, 1994 by the intervening plaintiff, Middlesex Mutual Assurance Company ["Middlesex"], Ottoshavett's worker's compensation carrier, who was added to the action on October 26, 1989 for apportionment purposes. Middlesex claims that since the defendants[2] only moved for summary judgment on the underlying cause of action, the intervening complaint should survive the court orders for summary judgment. Middlesex requests an order of articulation from the court clarifying this issue.
The court does not agree with Middlesex that its cause of action survives the underlying cause of action. When an employer who has paid workers' compensation payments on behalf of an injured employee seeks to obtain reimbursement for these payments from a third party tortfeasor pursuant to General Statutes § 31-293, courts have found that "the right of an employer depends upon the employee's right to the extent that he has no cause of action unless the employee or his representative has a cause of action and he cannot recover any more than the employee himself or his CT Page 7525 representative could recover." Stavola v. Palmer, 136 Conn. 670,678, 73 A.2d 831 (1950); Packtor v. Seppala AHO Construction Co.,33 Conn. App. 422, 431, 636 A.2d 383 (1994). Although Middlesex is not an employer, it intervened as a party plaintiff to recover workers' compensation benefits incurred on behalf of an insured who was injured while in the course of his employment. The Connecticut Supreme Court has noted that:
 "[an] insured's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third persons, but arises out of the contract of insurance and is derived from the insured alone. Consequently, the insurer can take nothing by subrogation but the rights of the insured, and is subrogated to only such rights as the insured possesses."
(Citation omitted.) Orselet v. DeMatteo, 206 Conn. 542, 546,539 A.2d 95 (1988). Therefore, since Ottoshavett's action against Imperial is barred and there will be no damages from which to seek apportionment, Middlesex's derivative action is also barred. In response to the motion for articulation, the granting of Imperial's motion for summary judgment therefore applies not only to the under lying action, but also to the action by Middlesex as intervening plaintiff.
Dated at Stamford, Connecticut this 19th day of July, 1994.
WILLIAM BURKE LEWIS, JUDGE