[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 7776
Pomeranz Drayton Stabnick for plaintiff.
Michael E. Riley for defendant.
Brian E. Prindle for intervenor.
On October 17, 1990, Hamilton Standard filed an action against Brewer Electric pursuant to General Statutes § 31-293
to recover workers' compensation benefits it paid to its employee, Pierce, as a result of injuries Pierce sustained in an accident which occurred on October 18, 1988. Pierce filed a motion to intervene pursuant to General Statutes § 31-293 in Hamilton Standard's action on November 6, 1990. Hamilton Standard's action was dismissed for insufficient process prior to any action by the court on Pierce's motion to intervene; thus, she was never made a party to that action.
On June 10, 1993, Hamilton Standard filed the present action against Brewer to recoup workers' compensation benefits it paid to Pierce, in accordance with General Statutes § 52-592, the accidental failure of suit statute. On June 25, 1991, Pierce filed a motion to intervene in the present action which was granted on July 22, 1991. Now Brewer Electric moves for Summary Judgment against Pierce on the ground that her action is barred by the statute of limitations, General Statutes § 52-584.
Brewer argues in support of its motion for summary judgment that Pierce's action is barred by the two-year statute because her motion to intervene in the present action was not filed or granted within two years of the date of the accident which gave rise to this action, October 18, 1988. Brewer claims that because Pierce was not a party to the original action, which was dismissed, her complaint in this action is not "saved" by the accidental failure of suit statute like that of Hamilton Standard.
Pierce argues in opposition to the motion for summary judgment that under General Statutes § 31-293, intervention in the action is allowed within thirty days of receiving notice of the action, even if the underlying general CT Page 7777 statute of limitations has run on the cause of action prior to the date of intervention, citing Rowland Products, Inc.v. Sanitary Waste Disposal Co., Inc., 23 Conn. Sup. 106,469 (C.P. 1961).
In Rowland Products, Inc., the court held that the general negligence statute of limitations, General Statutes § 52-584, does not qualify the right of the employee to join as a plaintiff within thirty days of notice of the action under General Statutes § 31-156, the predecessor of the current General Statutes § 31-293.
The reasoning in Rowland Products, Inc. has been explicitly rejected in the recent Appellate Court decision in Packtor v. Seppala AHP Construction Co., 33 Conn. App. 422
(1994).
In Packtor, the plaintiff employee, Packtor, was injured on September 13, 1987. Packtor filed an action to recover damages for personal injuries against J.M.H. Associates in 1990. Packtor's employer, Stop Shop, intervened in the plaintiff's action within the thirty day period provided in § 31-293. J.M.H. Associates filed motions for summary judgment as to the complaint and the intervening complaint, claiming, inter alia, that they were both barred by the two year negligence statute of limitations, General Statutes § 52-584. The trial court granted both motions.
The Appellate Court upheld the trial court's decision granting summary judgement on both the complaint and intervening complaint. With respect to Stop Shop's intervening complaint, the court stated:
 In this case, the employee's cause of action is limited by the personal injury statute of limitations found in General Statutes § 52-584. Packtor's injury occurred on September 13, 1987. Stop Shop did not initiate any action until it filed a motion to intervene on August 27, 1990, well beyond the two year statute of limitations. Stop Shop's derivative right to reimbursement was, therefore, CT Page 7778 time-barred pursuant to § 52-584.
Id. 432. The court noted that "Stop Shop could have exercised its right to commence a direct action against the third party tortfeasor under General Statutes § 31-293
within the applicable limitation period regardless of the employee's inaction." Id., 431 n. 13.
In this case, following the Appellate Court's reasoning in Packtor, Pierce could have filed a direct action against Brewer Electric within the two-year negligence statute of limitations. Pierce sustained her injuries on October 18, 1988 and did not initiate her action until she intervened in the action brought by Hamilton Standard in July, 1991, beyond the two year negligence statute of limitations.
Since Pierce's cause of action is barred by the statute of limitations, Defendants Motion for Summary Judgment against Pierce is granted.
Wagner, J.