[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REVISED MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This case arises out of a fall-down incident which occurred on the defendant's premises on May 7, 1991. At that CT Page 10980 time the intervening plaintiff, Mark Ronaldes (hereinafter "Ronaldes") was employed by the plaintiff, City of Hartford. Pursuant to the Workers' Compensation Act, General Statutes § 31-275 et seq., the City paid workers' compensation benefits to Ronaldes for the injuries and losses which he sustained.
On May 5, 1993 the City commenced this action against the defendant to recover the workers' compensation benefits paid by it, plus the present worth of any benefits which it may reasonably be anticipated to pay in the future.
On June 4, 1993, within thirty days of notice of the commencement of the City's action, Ronaldes intervened as a plaintiff in the City's action against the defendant. The defendant moved for summary judgment against Ronaldes by motion dated November 15, 1993, claiming that Ronaldes was required to intervene not within thirty days of notice provided by the workers' compensation statute, but within two years of the incident as provided by the statute of limitation for negligence actions (General Statutes § 52-584). Thus, the issue is whether the thirty-day period for an employee to intervene in accordance with General Statutes § 31-293 applies in this case or whether the two-year statute of limitations for negligence applies.
On February 8, 1994 this court wrote a decision in which it denied the motion for summary judgment and it allowed Ronaldes to intervene. Since writing that decision, however, the court has heard further argument not only in this case, but also in the matter of Derby Feed Company vs. FirstNational Supermarkets, Inc., et al, CV92-050 56 36 July 26, 1994. In addition, the case of Packtor v. Seppala AHOConstruction Co., 33 Conn. App. 422, has been brought to the court's attention.
After careful consideration, the court herein believes that its decision in Derby Feed is the better decision. It therefore holds, as it did in Derby, that the intervening plaintiff could have brought his own action within the two-year time limitation of § 52-584.
 "When that right expires it is not revived for any additional thirty days after the employer brings an action against the third party and gives notice of it to the employee. Stated another way, when the CT Page 10981 employer's action against the third party brings § 31-293(a) into play, the employee must comply with both it and § 52-584."
Town of Stratford v. Thomas Williams, et al, Superior Court at Bridgeport, No. CV91-287478S, 10 Conn. L.Rptr. No. 5, 146 (1993).
Accordingly, the court reverses its decision dated February 8, 1994 and grants the defendant's motion for summary judgment.
Allen, State Trial Referee