[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT
On February 3, 1994, the plaintiff, Rajnikant Mehta, filed a single count complaint against the defendant, the Wiremold Company, alleging that he was discharged from his employment because of his age in violation of Section 4(a)1 of the Age Discrimination in Employment Act ("ADEA") of 1967,29 U.S.C. § 623 (a)1 and General Statutes § 46a-60 (1). The plaintiff further alleges that the discharge was a willful violation of the ADEA within the contemplation of Sec. 7(b) of the Act, 29 U.S.C. § 626 (b). The plaintiff has also filed a complaint alleging age discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on July 8, 1992.
The plaintiff requests the following relief: A permanent injunction ordering immediate reinstatement of the plaintiff to his position with the defendant prior to the termination at the same or comparable rate of compensation and other benefits applicable to the position; back pay; future earnings; pension and benefit adjustments; liquidated damages; compensatory damages for mental anguish, personal suffering, professional embarrassment, and public humiliation; attorney's fees and costs; and punitive damages.
On November 25, 1994, the defendant filed a motion for partial summary judgment on the ground that the plaintiff failed to comply with the requirements of General Statutes §46a-101 for instituting a private right of action under the Connecticut Fair Employment Practices Act ("CFEPA"), thereby depriving this court of subject matter jurisdiction over the claim. The defendant further moves the court to enter summary judgment on its behalf on the corresponding prayers for relief which seek compensatory and punitive damages, which may be available under CFEPA but are not available under any other claim in the complaint, including the claim made under the ADEA. CT Page 2649
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law."Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247,618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Id.
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted; internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,
supra, 214 Conn. 579. "In deciding such a motion, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v.Carriage Lane Associates, supra, 781. Moreover, "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent . . . . Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon." (Internal quotation marks omitted.) Serrani v. Board of Ethics, 225 Conn. 305, 308,622 A.2d 1009 (1993).
In its memorandum in support of its motion for partial summary judgment, the defendant argues that the court lacks subject matter jurisdiction over the plaintiff's state law claim brought pursuant to General Statutes § 46a-60 (1) because the plaintiff has failed to comply with the statutory prerequisites for bringing a private right of action under General Statutes § 46a-101. The defendant argues that since the CHRO had not granted the plaintiff a release to bring a private right of action under CFEPA, CHRO continues to have exclusive jurisdiction over the state law claim.
Furthermore, the defendant argues that summary judgment should enter on the plaintiff's corresponding claims for CT Page 2650 compensatory and punitive damages because the court lacks subject matter jurisdiction to adjudicate these state law claims and the remaining causes of action in the complaint under the ADEA do not state a claim for which compensatory or punitive damages are available. In support of its motion, the defendant filed a sworn affidavit of Louis Martin, the executive director of the CHRO. Additionally, the defendant filed the sworn affidavit of the plaintiff in which the plaintiff requests the CHRO to investigate his complaint and secure any remedy to which he may be entitled.
The plaintiff, in his memorandum in opposition to the defendant's motion for partial summary judgment, argues that he has a valid claim under the CFEPA. The plaintiff argues that the suspension of the CHRO investigation effectively constituted release of the plaintiff's claim. The plaintiff also filed the sworn affidavit of himself.
General Statutes § 46a-100 provides, in pertinent part:
 Any person who has . . . alleged a violation of section 46a-60 and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court . . . .
General Statutes § 46a-101 provides, in pertinent part:
 (a) No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section.
"Statutes are to be applied as their words direct." (Citations omitted.) River Dock Pile, Inc. O GIndustries, Inc., 219 Conn. 787, 805, 595 A.2d 839 (1991). "When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction . . . ." (Citations omitted; internal quotation marks omitted.)Packtor v. Seppala and AHO Construction Co., 33 Conn. App. 442, 428, 636 A.2d 383 (1994). "The objective of statutory construction is to give effect to the intended purpose of the legislature . . . . It is axiomatic that, where the statutory language is clear and unambiguous, construction of the statute CT Page 2651 by reference to its history and purpose is unnecessary." (Citations omitted.) Rose v. Freedom of InformationCommission, 221 Conn. 217, 225, 602 A.2d 1019 (1992).
The plaintiff has failed to receive or even request a release to bring an action in the Superior Court in accordance with General Statutes § 46a-101. Mr. Louis Martin, the Executive Director of the CHRO stated in his affidavit that he has "never granted the release to Mr. Mehta required by Conn. Gen. Stat. § 46a-101 to enable him to commence a private right of action under the Connecticut Fair Employment Practices Act." Since the plaintiff has failed to obtain a release, and has therefore failed to comply with the clear and unambiguous statutory prerequisite embodied in General Statutes § 46a-101, this court lacks subject matter jurisdiction over the plaintiff's private action brought pursuant to General Statutes § 46a-60 (1). Accordingly, the defendant's partial motion for summary judgment is granted.
Furthermore, summary judgment is granted as to the plaintiff's corresponding claims for compensatory and punitive damages since the court lacks subject matter jurisdiction over its claim in the Superior Court, and the remaining cause of action under ADEA does not state a claim for which compensatory or punitive damages are available.
Mary R. Hennessey, Judge