[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On May 9, 1994, plaintiff Ray Wonacott commenced the instant action against defendants Northeast Utilities ("NU") and Fluor Daniel a.k.a. Fluor Constructors International, Inc. ("Fluor") to recover money damages for certain serious physical injuries he claims to have suffered when, on May 31, 1992, while working for his employer, Bartlett Nuclear, Inc. ("Bartlett"), at or near a Fluor construction site on NU property in Waterford, Connecticut, he slipped and fell on a crushed rock surface which was negligently maintained by both defendants.
Thereafter, on August 25, 1994, having learned of the pendency of this action, co-plaintiff Bartlett timely moved this Court under General Statutes § 31-293 for permission to intervene herein to recover, from any damages award the plaintiff might recover against either defendant, the full amount of all Workers' Compensation benefits it had paid or became obligated to pay the plaintiff as a result of his injuries. Bartlett's motion was granted on October 3, 1994.
On November 4, 1994, Fluor answered Bartlett's Intervening Complaint by pleading that it had insufficient information upon which to form a belief as to the truth of the allegations set forth therein. It also asserted two special defenses: (1) that Bartlett's claim is barred by the statute of limitations for negligence actions, General Statutes §52-584, because it was not brought within two years of the date of plaintiff Wonacott's injuries; and (2) that Wonacott's injuries resulted, in whole or in part, from his own contributory negligence.
Fluor has now moved this Court for summary judgment on Bartlett's Intervening Complaint, claiming that it is entitled to judgment as a matter of law since there is no genuine issue of material fact that Bartlett failed to intervene herein within the two-year limitations period established by Section52-584. It has supported its motion with an accompanying memorandum of law.
Bartlett has responded to Fluor's motion by arguing that even though it did not seek to intervene in this case until more than two years after the plaintiff suffered his injuries, its joinder herein was timely because it filed its motion to intervene within thirty days of receiving notice of the pendency hereof, as required by Section 31-293. Bartlett has supported its opposition to Fluor's motion with its own timely memorandum of law. CT Page 11967
 I
"Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) Wilson v. New Haven, 213 Conn. 277,279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.)Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781 (1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . ." (Citation omitted.) Id. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606,616 (1988). It is "incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citation omitted.) WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 247 (1992). "Summary judgment may be granted where it is clear that a claim is barred by a statute of limitations." Woodside GreenCondominium Association, Inc. v. Woodside Green, Inc.,9 Conn. L. Rptr. 637 (October 4, 1993) (Lewis J.), citing Mac's CarCity, Inc. v. American National Bank, 205 Conn. 255, 259-60
(1987).
 II
Under General Statutes § 31-293, any employer which has paid or become obligated to pay Workers' Compensation benefits to an injured employee on account of injuries he has suffered due to the tortious conduct of a third person may recover the full amount of such payments from the third person in one of two ways. First, it may file a direct action against the third person, asserting the right of its employee to recover damages from the third person, and derivatively asserting its own right to recover, from any damages award to which the employee would be entitled, all monies it has paid or will be required to pay the employee in benefits. Second, it may join CT Page 11968 in any damages action which the employee himself may bring against the third person, and recover the full amount of all benefits it has paid or become obligated to pay the employee from the proceeds of the employee's recovery.
To prevent employees from making double recoveries and protect alleged third party tortfeasors from facing multiple lawsuits based on single claims for damages, the law requires both injured employees who have received or become entitled to receive Workers' Compensation benefits and their employers to give each other immediate written notice of any lawsuit they file to recover damages from any third person claimed to have caused the employee's compensable injuries. General Statutes § 31-293. The failure of the notified party to join in the other's action within thirty days of receiving such notice results in the abatement of the non-joining party's right of action against the third person. Id.
In this case, the parties' dispute concerns, the relationship, if any, between the above — described thirty-day joinder provision of Section 31-293 and the applicable statute of limitations. Defendant Fluor contends that the statute of limitations and the thirty-day joinder rule establish two mutually independent requirements, each of which must be satisfied by an intervening employer before it can share in its employee's recovery of damages from a third party tortfeasor. Co-plaintiff Bartlett, by contrast, argues that the thirty-day joinder rule effects an extension of the limitation period prescribed by law, at least where proper statutory notice of the action in which intervention is sought is not received by the intervening party at least thirty days before the end of the limitations period.
Because an employer's statutory right to reimbursement from a third party for monies it has paid or become obligated to pay in Worker's Compensation benefits due to the third party's actions "depends on the liability of the third party to the employee," the Appellate Court has held that "the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor." Packtor v. Seppala AHO Construction Co., 33 Conn. App. 422, 431 (1994). Thus, when the employee's underlying action sounds in negligence, the employer must bring its action against the alleged tortfeasor, either by filing its own direct action or by CT Page 11969 intervening in the action of its employee, within the time prescribed by General Statutes § 52-584, Connecticut's statute of limitations for negligence actions.
Section 52-584 provides in pertinent part as follows:
 No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . ..
A direct action is "brought", within the meaning of Section52-584, when it is commenced by the service of process upon the defendant. Hillman v. Greenwich, 217 Conn. 520, 527
(1991). The point at which process is served is the first time a defendant receives formal notice that the party who has served him wishes to sue him. From that movement forward, the defendant knows that he must marshal his resources to prepare his legal defense.
By a parallel logic, the time at which an intervening employer is deemed to have "brought" its derivative claim, within the meaning of the statute of limitations, must be the moment it files its motion to intervene in its employee's pending action. This is so because, by receiving a certified copy of the intervening employer's motion, the defendant is formally put on notice of the employer's intent to join its employee in the prosecution of the pending action, and thus advised of its need to prepare itself accordingly. Thus inPacktor v. Seppala AHO Construction Co., supra, 432, the Appellate Court affirmed a trial court's granting of summary judgment against an intervening employer precisely because more than two years had passed from the date of the employee's injury to the date on which he filed his motion to intervene, observing:
 In this case, the employee's cause of action is limited by the personal injury statute of limitations found in General Statutes § 52-584. Packtor's injury occurred on September 13, 1987. Stop Shop did not initiate any action until itCT Page 11970 filed a motion to intervene on August 27, 1990, well beyond the two-year statute of limitations. Stop Shops derivative right to reimbursement was, therefore, time-barred pursuant to § 52-584.
(Emphasis added).
The Packtor decision has obvious significance for this case for two reasons. First, it clearly establishes that for statute-of-limitations purposes, the timeliness of an employer's attempted intervention in its employee's third-party action is to be measured from the date of the employee's injury to the date on which it files its motion to intervene. Second, it confirms that the employer's would-be intervention violates the statute of limitations unless it is filed within the same two-year period in which the employee must file his own direct action against the alleged tortfeasor.
In cases following Packtor, some judges of this Court have rejected the latter conclusion, noting that in Packtor,
unlike the case at bar, the action in which the employer attempted to intervene was itself untimely filed. Reasoning that an employer's right of action derives from its employee's right of action, that an employee who files a late action has no right to relief, and thus that an employer cannot intervene in an employee's late-filed action because it can have no greater right than its employee to relief, these courts have refused to apply Packtor to bar employer interventions in timely filed employee actions against alleged third-party tortfeasors.
Respectfully, I disagree for the following reasons. First, the Packtor Court itself clearly rejected this analysis in reaching its decision. Presented with the claim that an employer's intervening action should be barred because its employee failed to commence his underlying action within the applicable period of limitation, the Court declared that for statute-of-limitations purposes, the timeliness of an employer's action must be governed by the timeliness of itsown efforts to pursue its legal rights. "`It would be inequitable," observed the Court,
 "to bar an intervention action by an employer for no other reason than that CT Page 11971 the employee failed to file his or her action within the (applicable period of limitation." (Emphasis added) We do not bar the employer on that ground. The issue we must determine, is whether the employer's action is itself timely filed. [Footnote omitted.]
Packtor, supra, 430-31. So stating, the Court specially noted that the employer "could have exercised its right to commence a direct action against the third party tortfeasor . . . [at any time] within the applicable limitation period regardless of the employee's inaction[.]" Id., 431 n. 13. It then concluded as follows that an employer, like its employee, can not pursue a claim against a third party tortfeasor unless it duly files its claim within the same period of limitation which binds its employee:
 An employer has no cause of action unless the employee has a cause of action. Stavola v. Palmer, [136 Conn. 670], 678. It may be argued that the employee in this case did have a valid cause of action, but that it was barred merely by a procedural failure on the employee's part. The action is not barred, however, by the employee's procedural failure but by the failure of the employer to bring suit in a timely manner. If the employer had initiated the action, it would not be prosecuting its own action, but the action of the employee. Therefore, it would be illogical to grant greater rights to an employer whose rights are derivative, than to the employee from whom those derivative rights flow. [Footnote omitted.]
Packtor, supra, 431.
Applying this analysis to the case before it, the Packtor
Court simply examined the trial record to determine whether or not the employer had filed its motion to intervene within the applicable two-year limitations period. Finding that it had not, the Court ruled as follows that the employer's action was CT Page 11972 barred by the statute of limitations without further noting that the employer had duly filed its motion to intervene within thirty days of receiving formal statutory notice of the pendency of its employee's action:
 In this case, the employee's cause of action is limited by the personal injury statute of limitations found in General Statutes § 52-584. Packtor's injury occurred on September 13, 1987. [The employer] did not initiate any action until it filed a motion to intervene on August 27, 1990, well beyond the two-year statute of limitations. [The employer's] derivative right to reimbursement was, therefore, time-barred pursuant to § 52-584
Packtor, supra, 431-32.
The upshot of Packtor is clear and unambiguous: that an employer's action seeking reimbursement from an alleged third party tortfeasor for monies paid out in Workers' Compensation benefits to an injured employee must be initiated by the employer, either by intervening in its employee's pending action or by the commencing its own direct action, within the same period of limitation in which the employee's own action must be filed. An employer cannot excuse itself from filing its own action or intervention until the limitation period has run by pointing to its lack of timely notice of its employee's action before the expiration of that period. Because its right to file its own direct, albeit derivative, action against the alleged third party tortfeasor remains alive and well throughout the limitation period, the employer must assert its own rights during that period or, like the employee who fails to commence a timely action, be barred forever from asserting them. Once it is lost, the employer's right of action cannot be regained by any action, timely or otherwise, which may be taken by its injured employee.
The Court's second and third reasons for reading the thirty-day, post-notice, abatement-of-action provision of Section 31-293 as something other than an extension of the applicable statute of limitations is that it is neither framed as a statute of limitations nor intended, by the logic of its language, to so function. Initially, it must be noted that CT Page 11973 unlike a statute of limitations, Section 31-293 does not purport to describe when a cause of, action accrues or when an action must be brought in relation to that time. Cf. Conn. Gen. Stat. § 52-576, "Action for account or on simple or implied contracts" (providing, in part, that, "No action for an account, or on any simple or implied contract or on any contract in writing, shall be brought but within six years after the right of action accrues[;]") Conn. Gen. Stat. §52-577, "Action founded upon a tort" (providing that, "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of[;]"), and Conn. Gen. Stat. § 52-584 (providing, in part, that, "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . ."). Whereas the above-quoted statutes are limitations statutes both in form and in function, clearly establishing time-based cut-offs applicable to all actions of a common character for the traditional purpose of forbidding the belated prosecution of stale claims, Section 31-293
establishes a purely procedural compulsory joinder rule whose violation by a party results in the abatement of his right of action even if the limitation period prescribed by law has only recently started to run. The logic of this independent statutory requirement, whose enforcement typically operates to shorten the legal period within which a claim may be pursued, is not to forbid the prosecution of stale claims, but to ensure that all parties with a legitimate legal interest in any pending lawsuit against an alleged third party tortfeasor claimed to have caused an employee to suffer compensable injuries receive immediate notice of that lawsuit so that they can promptly join therein. If that is done, the entire case can be pleaded, prepared, negotiated and, if necessary, tried in a single, coordinated proceeding. A duly notified party's failure to make possible such an efficient use of judicial resources and defense attorney time and energy by joining promptly in his/its employer's or employee's action against the alleged tortfeasor is what justifies the irrevocable abatement of his/its right of action against the third party, whether or not the applicable period of limitation has expired.
For the foregoing reasons, the Court finds that the failure of co-plaintiff Bartlett to pursue its claim against CT Page 11974 defendant Fluor within two years of the date of plaintiff Wonacott's injuries operates to bar its claims under General Statutes § 52-584, even though it filed its motion to intervene within thirty days of receiving official notice of this action. Defendant Fluor's motion for summary judgment is therefore granted.