[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to Practice Book § 4059, the court files the following memorandum of it decision regarding its July 15, 1996, denial of the intervening plaintiff/appellant's Motion to Intervene. Said denial specified in the court's notice regarding same: "Motion to Intervene denied — No allegation of payments made by Employer FPS. Objection sustained."
I. FACTUAL AND PROCEDURAL BACKGROUND
The underlying case is a wrongful death action brought by the plaintiff, the administratrix of the decedent's estate, against multiple defendants for the decedent's death allegedly caused by one or more of the named defendants. The incident which caused the death involved a lift with a gate and latch mechanism which allegedly opened and from which the decedent allegedly fell.
The case was returnable to the court on October 31, 1995. Subsequently, by Motion to Intervene dated November 29, 1995, FPS Fireproofing, Inc. moved to be joined as a co-plaintiff and to CT Page 6794 file an intervening complaint. When the motion was claimed, the court (Handy, J.) denied the motion without prejudice on June 24, 1996, noting that the "motion must contain a date regarding notice to ensure compliance with § 31-293 of the Connecticut General Statutes".
Subsequent to that denial, the plaintiff reclaimed the Motion to Intervene. As previously indicated, the court denied said motion on July 15, 1996.[1] Objections to the motion with accompanying memoranda of law had been filed by some of the parties in the case.
II. DISCUSSION
In the intervenor's proposed intervening complaint dated November 29, 1995, FPS Fireproofing, Inc., a/k/a FPS, Inc., alleges that the plaintiff alleges that the plaintiff's decedent was employed by it. There are allegations that FPS, Inc. may have to make future payments to plaintiff's decedent.
There are not, however, any allegations that the plaintiff's decedent was in fact employed by FPS. Inc. or that FPS, Inc. made any payments to plaintiff's decedent.
Since the intervenor made no claim of an employment relationship with the plaintiff's decedent and since the intervenor made no claim of any payment on the plaintiff decedent's behalf, the court finds that § 31-293 of the statutes is not triggered. That statute applies to injuries and states in pertinent part: "for which compensation is payable under the provisions of [the Connecticut Workers' Compensation Act]". There is no allegation by FPS Fireproofing, Inc. as the proposed intervenor in this case that it has ever paid any workers' compensation benefits to the plaintiff's decedent under the Connect cut Workers' Compensation Act.
Additionally, a statute of limitations problem exists with the intervenor's motion. Plaintiff's injury occurred on November 2, 1993. FPS did not file its Motion to Intervene until November 29, 1995. The controlling statute of limitations is found in § 52-584, a two year statute of limitations. The two years would have expired on November 2, 1995; several weeks before the intervenor's motion was filed. "[T]he employer's right of action must be the same as the employee's underlying action against the tortfeasor." Packtor v. Sappala AHO Construction Co., 33 Conn. App. 422
CT Page 6795 (1994). Accordingly, the intervenor's motion is denied based on the statute of limitations.
Additionally, there is recent trial court case law which this court finds persuasive which precludes an out-of-state entity appearing in a Connecticut proceeding where the law of the employee's home state doe not allow an intervention. Benefits in this case have been claimed in Rhode Island and from information in the court file, it appears that no benefits have been paid in that forum. The applicable law in Rhode Is land does not provide for a right of intervention in the third party action. (See Rhode Island General Law § 28-35-58, attached.) In accordance withStoker v. Marriott, Judicial District of Hartford at Hartford, No. 89-369701, 11 Conn. L. Rptr. 47 (1994, Corradino, J.) andSpaulding v. Thomas, Judicial District of Middlesex, No. 64962,9 Conn. L. Rptr. 11, 349 (1193, Higgins, J.) this court concludes that intervention by FPS would not be allowed on this ground as well.
III. CONCLUSION
Based on all of the foregoing, the Motion to Intervene is denied.
Susan B. Handy, Judge