[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO INTERVENE (NO. 101)
Wesley Wheaton ("Wheaton") alleges that on November 12, 1992, he was injured at work when a defective office chair fell apart. In 1995, he brought this products liability action against the manufacturer and distributor of the chair. The merits of this action are not now before me.
The matter before me now concerns the intervention right of Wheaton's employer, Gems USA ("Gems"). On November 28, 1995, Gems filed a motion to intervene and for leave to file an intervening complaint. The motion alleges that Wheaton suffered his injury in the course of his employment with Gems and that Gems has become liable to pay Wheaton workers' compensation benefits. Wheaton promptly filed an objection to the motion to intervene, contending that under applicable statutory law, Gems has no right of action. For the reasons described below, I conclude that Wheaton is CT Page 7239 correct.
At the time that Wheaton was injured, Conn. Gen. Stat. §52-572r(c) (1991) provided that no employer "shall have any lien upon any judgment received in any product liability claim, or any right of subrogation if the claim against the third party is a product liability claim." Gems concedes that under this statute it would not have the right of action that it now seeks to assert. Gems points out, however, that § 52-572r was repealed by 1993 Conn. Acts. No. 93-228, § 34. The effect of this repeal has been debated by the parties at considerable length.
An analysis of the effect of the repeal on this case requires an examination of two different questions. It must first be determined whether the repeal is retroactive in effect. If it is not, it must then be determined whether Gems' cause of action arose before or after the effective date of the repeal.
The first question is easily answered. Our Supreme Court has long recognized "a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only." Darak v. Darak, 210 Conn. 462, 467, 556 A.2d 145 (1989). See Conn. Gen. Stat. § 55-3; In re Daniel H., 237 Conn. 364,372-73, 678 A.2d 462 (1996), Miano v. Thorne, 218 Conn. 170, 17576, 588 A.2d 189 (1941). "This presumption is rebutted only when the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." Miano v.Thorne, supra, 218 Conn. at 175. (Citations and interior quotation marks omitted). The legislature here expressed no such intention. Rather, it provided that the repeal of § 52-572r
was to take effect on July 1, 1993, well after the accident in question here had occurred. P.A. 93-228, § 35. The passage of this act plainly' affected substantive rights, including the right of plaintiffs such as Wheaton to possess the full enjoyment of judgments received in product liability claims. Given this fact, P.A. 93-228 should not be given retroactive effect.
Since P.A. 93-228 cannot be given retroactive effect, it is necessary to determine whether Gems' cause of action arose before or after the statute's effective date of July 1, 1993. Wheaton's injury, as mentioned, occurred on November 12, 1992. It is conceded that Wheaton's cause of action arose on that date. Gems, however, asserts that its cause of action did not arise until Wheaton was diagnosed as having a work-related disability in 1994. This argument is unpersuasive. CT Page 7240
Gems expressly seeks to bring its intervening complaint pursuant to Conn. Gen. Stat. § 31-293. That statute "specifically grants an employer who as paid workers' compensation benefits to an employee the right to join as a party plaintiff in the employee's action against third party tortfeasors." Winslow v. Lewis-Shepherd, Inc., 216 Conn. 533,536, 582 A.2d 1174 (1990). This is an "independent derivative action." Ricard v. Stanadyne, Inc., 181 Conn. 321, 323,435 A.2d 352 (1980). "It is a statutory and substantive right to reimbursement that is `in effect one of subrogation to the right of the injured employee to recover for the tort committed against him.' Stavola v. Palmer, 136 Conn. 670, 677, 73 A.2d 831
(1950)." Packtor v. Seppla AHO Construction Co., 33 Conn. App. 422,430, 636 A.2d 383, appeal dismissed, 231 Conn. 367,650 A.2d 534 (1994). (Footnote omitted). Packtor holds that the employer's cause of action arises at the time of the employee's injury.33 Conn. App. at 432. This is consistent with the long-established analysis that an employer bringing a § 31-293 action stands in the shoes of its employee. See Mickel v. New England Coal Coke Co., 132 Conn. 671, 680, 47 A.2d 187 (1946). See generally, Jane Massey Draper, Annotation, When Does Statute of LimitationsBegin to Run Upon an Action by Subrogated Insurer Against Third-PartyTortfeasor, 91 A.L.R.3d 844, 847 (1979).
Gem's cause of action consequently arose on November 12, 1992, the date of Wheaton's injury. At this time, Conn. Gen. Stat. § 52-572r(c) provided that employers such as Gems had no cause of action. That substantive law governs here.
The motion to intervene is denied.
Jon C. Blue Judge of the Superior Court