[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff, a natural person, Sheryl Burke, brought an CT Page 1011 action against the State of Connecticut Department of Mental Retardation, seeking damages for personal injuries allegedly sustained in a fall down accident on the defendant's premises on March 15, 1993.
General Statutes § 19a-24 provides in pertinent part "(a) Any claim for damages in excess of one thousand five hundred dollars on account of any official act or omission of the commissioner of public health . . . shall be brought as a civil action against the commissioners in their official capacities . . ."
The plaintiff's employer, Roche Biomedical Laboratories, filed a timely intervention in this action pursuant to General Statutes § 31-293, by virtue of motion granted by this court on May 15, 1995.
The defendant, in its answer to intervening complaint, dated November 4, 1996, filed a special defense, which states: "Because Conn. Gen. Stat. § 31-293 does not provide a waiver of sovereign immunity, the introvening plaintiff is barred from maintaining this action against the State of Connecticut, department of mental Retardation. The intervening plaintiff Roche Biomedical Laboratories, the employer, moves to strike the special defense.
The special defense of the defendant is not viable for several reasons. First, the defendant appears to claim that the term "claim for damages" as utilized in General Statutes §19a-24 means only, and is limited to claims for damages for physical injury specifically inflicted upon a natural person, the plaintiff. The statute does not contain any such limitation. It is not limited to claims for personal injury, nor is it limited to injury or damage sustained by a specific natural person General Statutes § 31-293 grants to the employer a claim for reimbursement for sums required to pay to the injured employee, here the plaintiff, and hence is a claim for damages as allowed by General Statutes § 19a-24.
Second, if the statute, § 19a-24 were to be construed as waiving sovereign immunity only as to causes of action for personal injury based upon negligence, the special defense would still fail. The cause of action is a singular cause of action. It may be brought by the employer or by the employee, or by both of them. An employer has no cause of action unless the employee has CT Page 1012 a cause of action . . . If the employer had initiated the action, it would not be prosecuting its own action, but that of the employee. Pactor v. Leppala A H O Construction Co,33 Conn. App. 422, 432 (1994). See also Stavola v. Palmer, 136 Conn. 670
(1950). See also Gurliocu v. Meyer, 218 Conn. 531, 547 (1991).
The employer's action is in effect one of subrogation to the right of the injured employee to recover for the tort committed against him. Pactor, supra, p. 430. Hence, even if the waiver of sovereign immunity were to apply only to causes of action for personal injuries sustained, the employer, in its capacity of subrogatee, would be entitled to bring that action and would be entitled to prosecute the action as a co-plaintiff, which authority is specifically granted to the employer under General Statutes § 31-293.
The special defense of the defendant setting forth a claim of sovereign immunity as against employer's claim does not set forth a legally sufficient special defense, and therefore must be stricken (P.B. 152(5).
The motion to strike the special defense is granted.
Sullivan, J.